STATE v. AMERICAN REFRIGERATOR TRANSIT COMPANY.

Opinion delivered February 6, 1922.

1.  TAXATION — PRIVATE CAR COMPANIES — PRIVILEGE TAX. — Under Crawford & Moses' Dig., §§ 9823-30, providing a method for the assessment and collection of an excise or privilege tax on private cars doing business in the State, the State can not collect an excise or .privilege tax unless the private car companies are doing business within the State during the period of time for which it is sought to assess and collect the tax.

2.  TAXATION—PRIVATE CAR COMPANY DOING BUSINESS IN STATE.— A private car company, having no place of business in the State, which leases its cars to railroads engaged in business in the State, is not carrying on business within the State, within Crawford & Moses' Dig., §§ 9823-30.

Appeal from Pulaski Chancery Court, *J. E. Martineau*, Chancellor; affirmed.

STATEMENT OF FACTS.

The Attorney General of the State of Arkansas, proceeding under §§ 9823-30 Crawford & Moses' Digest providing for the assessment and collection of an excise or privilege tax on private car companies doing business in this State, brought this suit in the chancery court against the American Refrigerator Transit Company, a foreign corporation, to recover a privilege tax levied against it by the said Tax Commission under the provisions of the act for the years 1918, 1919, and 1920.

The defense to the suit is that the American Refrigerator Transit Company was not doing business in the State during the years named, and therefore was not liable for the tax provided by the statute.

The parties have agreed upon the facts. The American Refrigerator Transit Company is a foreign corpor-

ation incorporated under the laws of the State of New Jersey, and has its principal office in the city of St. Louis, Mo. The company owns and controls 5,000 refrigerator cars which are used by the various railroads of the United States, and for the use of which the railroads pay the company one cent per mile for each mile traveled by its cars, both empty and loaded, over the lines of the respective railroads. We copy from the agreed statement of facts the following:

"The gross receipts tax assessed by the State of Arkansas for the years in question is based upon the aforesaid mileage allowance paid the American Refrigerator Transit Company by the railroads for all of the mileage made by the said A. R. T. cars within the State of Arkansas without distinction as between intrastate and interstate movements.

"The defendant company has nothing whatever to do with the transportation of the freight shipped in its cars, but, as heretofore stated, simply rents or leases its cars to the railroads for a mileage allowance of one cent per mile, and, in order that this mileage may be calculated, it receives from the railroad companies way-bills showing the movements of its cars and the freight transported therein.

"For each of the three years hereinafter mentioned, the American Refrigerator Transit Company has paid to the State of Arkansas a property tax assessed pursuant to act 224 of Acts of 1915 of the State of Arkansas."

The records of the company show that the mileage paid it for the use of cars where the points of origin and the destination are both within the State of Arkansas, aggregate for the period of time named in this lawsuit, the sum of $356.06, and the company tenders to the State of Arkansas the sum of $17.80, the amount due on this basis. The remainder of the amount claimed is for cars moving from points without the State of Arkansas to points within the State, or *vice versa*, or where the cars

are moved from a point without the State through the State of Arkansas to a destination outside the State of Arkansas.

The chancellor found the issues in favor of the defendant, the American Refrigerator Transit Company, and it was decreed that the plaintiff should not recover of the defendant any sum except the sum of $17.80, which the defendant tendered in court to the plaintiff.

To reverse that decree this appeal has been prosecuted.

*J. S. Utley,* Attorney General, *A. L. Rotenberry* and *J. C. Marshall,* for appellant.

Appellee is not engaged either in State or Interstate commerce, but in leasing cars to be run on railroads in this State, and such a business is taxable. The owner of such cars is not a carrier nor subject to the Interstate Commerce Commission. 237 U. S. 434. The Commission cannot require the owner to furnish such cars to carriers. 242 U. S. 208.

The tax sought to be imposed under the statute, based on rentals received by the owners of the cars, does not affect the commerce in which the carriers are engaged, and is not a burden upon interstate commerce, as it is only indirectly and remotely affected thereby. 169 U. S. 264; 171 U. S. 578, 592, 594; 158 U. S. 431; 154 U. S. 204.

The chancellor in holding that the appellee was not engaged in business in this State was guided by the opinion in the case of *Pickard* v. *Pullman Co.,* 171 U. S. 34; but in that case the Pullman Company was itself engaged in interstate business as a comomn carrier, and was not required to file its articles in Tennessee or have a *situs* there to do business. Here, the appellee has filed its articles in this State, and engaged in the business there specified, i. e., leasing its cars to be run over the railroad tracks in the State. It was therefore doing business in this State within the franchise tax law. 231 S. W. 184; C. & M. Digest, § 9809.

The fact that the railroads operating the leased cars were under Federal control during two years of the time in question does not affect the right of the State to collect the tax nor exonerate the appellee from the payment thereof. Act March 21, 1918 (ch. 25, § 15; Comp. Statutes 1918, § 3115 3-4; 41 Sup. Ct. Rep. 489.

*E. B. Kinsworthy* and *B. S. Kinsworthy,* for appellee.

1. The pleadings do not show, nor does the evidence show, that during the period of time in question the appellee was doing business in this State. It could not, therefore, be held liable for the privilege tax.. 117 U. S. 34, 29 L. Ed. 785.

2. The statute, C. & M. Digest, §§ 9823-9, inclusive, limits the privilege tax therein mentioned to business done wholly within this State. Cars operated into and out of the State being vehicles of commerce and therefore engaged in interstate commerce, the proceeds on these cannot be taxed by State law. Fed. Statutes, Annotated, vol. 4, p. 351; 44 Fed. 310, 142 U. S. 339, 35 L. Ed. 1035; 132 U. S. 473; 25 L. R. A. 120, 164 U. S. 650, 41 L. Ed. 586. See also 75 Ark. 126; 56 *Id.* 495; 58 *Id.* 438.

3. A tax on the proceeds of cars operated into and out of the State would be a tax on interstate commerce, and a State law authorizing such tax would be void, and in violation of the commerce clause of the Constitution of the United States. Const. U. S. § 8, art. 1; Interstate Commerce Act of February 4, 1887, and amendments thereto. None of the cases cited in support of appellant's contention holds that cars handled by a railroad company from one State to another for the purpose of carrying merchandise are not engaged in interstate commerce. The fact is, the car itself, when being handled from one State to another, is merchandise engaged in interstate commerce. 22 U. S. 1; 157 S. W. 917. Interstate commerce includes instrumentalities and agencies by which it is conducted, and the power of Congress extends to the regulation of such instrumentalities. 78 S. E. 489; 86 S. E. 748; 63 So. 693; 268 Fed. 662; 149

Fed. 486; 236 U. S. 439, 59 L. Ed. 661; 168 Fed. 987. See also 121 U. S. 230, 30 L. Ed. 889; 122 U. S. 326, 30 L. Ed. 1200; 210 U. S. 217, 52 L. Ed. 1031; 117 U. S. 34, 29 L. Ed. 785. For further authorities on the meaning of commerce, see 22 U. S. 1; 154 U. S. 204, 38 L. Ed. 962, 969; 19 Fed. 679-709; 102 U. S. 691-702, 26 L. Ed. 238; 48 U. S. 283-401, 12 L. Ed. 702; 38 Cal. 492-497; 73 U. S. 35, 18 L. Ed. 745; 172 Fed. 545-560; 151 Fed. 608; 91 U. S. 280; 96 Fed. 353; Pomeroy, Const. Law, § 378.

4. Appellee cannot be held liable for the privilege tax during the period of Federal control, if liable at all. 41 Sup. Ct. Rep. 593; 250 U. S. 135; 254 Fed. 880; 267 Fed. 171.

Hart, J. (after stating the facts). As above stated, this suit is based upon §§ 9823-30 of Crawford & Moses' Digest, providing a method for the assessment and collection of an exercise or privilege tax on private cars doing business in this State. Under the provisions of the act, the State can not collect an excise or privilege tax unless the private car companies are doing business within the State during the period of time for which it is sought to assess and collect the privilege tax.

The defendant company is a private car company created by the laws of the State of New Jersey, with its principal office in the city of St. Louis, Mo. It owns the cars sought to be taxed. It made a contract in St. Louis, Mo., with the railroad companies operating out of said city for the use of its cars at one cent for each mile traveled by the cars over the lines of the railroad companies. The routes are at the will of the railroad companies, and the defendant has nothing to do with the transportation of the freight hauled in its cars. The cars pass through the State both ways, hauling freight, or go from a point in the State to a point without the State or come from a point without the State to a point within the State.

It is the contention of counsel for the State that the act was intended to tax as a privilege the using of cars for profit by the owner other than the railroad company

which may be actually running them. The act in express terms provides for the payment of a privilege tax to be computed by taking 5 per cent. of the amount fixed by the Tax Commission as the gross receipts of the private car companies for business done by them within the State. That such a tax is constitutional, see *Wallace* v. *Hines,* 253 U. S. 66, and cases cited. The act by its terms only intends to tax a percentage of the gross receipts of private car companies doing business in this State. Under the facts just related, we are of the opinion that the defendant company was not doing business in the State within the period of time during which the State has sought to assess and collect a privilege tax from it. It therefore does not come within the provisions of the act; and it is not required to pay the excise or privilege tax imposed by its terms.

In this respect the case is ruled by *Pickard* v. *Pullman Southern Car Co.,* 117 U. S. 34. In that case the court held that a statute of Tennessee which imposed a privilege tax of $50 per annum on every sleeping car used or run over a railroad in Tennessee, and not owned by the railroad on which it was run or used, was void so far as it applied to the interstate transportation of passengers carried over railroads in Tennessee, into or out of or across that State, in sleeping cars owned by a corporation of Kentucky and leased by it for transportation purposes to Tennessee railroad corporations, the latter receiving the transit fare, and the former the compensation for the sleeping accommodations. There, as here, the private car company had no branch office or establishment of any kind in the State for the transaction of business. Its cars were operated under its contracts with the railroad companies made outside of the State. The cars furnished to the railroad companies under its contracts constituted all the property owned by it in the State, and the private car company in that case was not doing any business in the State unless the operation of its cars by the railroads constituted doing business.

In discussing the question in *Pickard* v. *Pullman Southern Car Co., supra,* the court said:

"The car was equally a vehicle of transit, as if it had been a car owned by the railroad company, and the special conveniences or comforts furnished to the passenger had been furnished by the railroad company itself. As such vehicle of transit, the car, so far as it was engaged in interstate commerce, was not taxable by the State of Tennessee, because the plaintiff had no domicile in Tennessee, and was not subject to its jurisdiction for purposes of taxation; and the cars had no *situs* within the State for purposes of taxation; and the plaintiff carried on no business within the State, in the sense in which the carrying on of business in a State is taxable by way of license or privilege."

It will be noted that the court in that, case under a state of facts in all essential respects similar to the facts in the present case, said in plain terms that the private car company in that case had carried on no business within the State in the sense in which the carrying on of business in a State is taxable as a privilege. Thus it will be seen that the precise question involved in this appeal was determined adversely to the contention of the State in that case. The principles of law decided in that case have never been overruled by the Supreme Court of the United States and govern the present case.

The cases of *Fargo* v. *Hart,* 193 U. S. 490, and *American Refrigerator Transit Co.* v. *Hall,* 174 U. S. 70, and other cases of like character relied upon by counsel for the State, have no application under the facts presented by the record. Those cases deal with the liability of foreign corporations for a property tax. Under the principles of law announced in those cases the defendant in the present case would be liable for a property tax on its cars on the theory that the *situs* of its cars for the purpose of taxation is in the State of Arkansas. It is liable for a property tax on its cars, not because it is doing business in this State, but because the *situs* of its

cars for the purpose of taxation is here. It would have to pay a property tax, just as other persons or corporations must pay such a tax, regardless of the fact whether they did any business here or elsewhere. Such a tax is not levied for the privilege of doing business in the State, but because the property has its *situs* for taxation here. The general rule is that a State cannot impose a tax on the property of a foreign corporation which has never been brought within its borders. When, however, movable property is regularly and habitually used in a State, it may be taxed according to its value, and the valuation need not be limited to the mere worth of the tangible property itself, but the State may look to the property of the corporation beyond its borders to arrive at the true value of the property within the State. Such a property tax is provided for in §§ 1001-8 of Crawford & Moses' Digest, (act 224 of Acts 1915) ; and the agreed statement of facts shows that this tax has been paid by the defendant in the instant case. We are of the opinion that the defendant was not doing business in this State during the years mentioned in the complaint, and therefore was not liable for the privilege tax imposed by statute on private car companies doing business in this State.

It is true that the chancery court rendered judgment against the defendant for the sum of $17.80, but this was done because the defendant made a tender of this amount to the plaintiff, and not because the court found that there was anything in the record tending to show that the defendant was doing business in this State within the period of time designated in the complaint. On the contrary, the chancellor was of the opinion that neither the pleadings nor the evidence showed that the defendant was doing business in the State of Arkansas, and we think that the chancellor was correct in reaching that conclusion.

It follows that the decree will be affirmed.