WOODS v. OKLAHOMA TAX COMMISSION (two cases).

Nos. 31802, 31803. Oct. 23, 1945.

162 P. 2d 875.

Mosteller & McElroy, of Oklahoma City, for plaintiffs in error.

E. L. Mitchell and W. F. Speakman, both of Oklahoma City, for defendant in error, Oklahoma Tax Commission.

HURST, V.C.J. The plaintiffs in error appeal from separate orders of the Oklahoma Tax Commission levying additional income taxes against them for the years 1940 and 1941. The question for decision in the two appeals is the same and the cases have been briefed together.

The cases were tried on a written stipulation, from which it appears that on September 3, 1940, the appellants, residents of Oklahoma, separately owned certain motor vehicle equipment, which they leased to United Transport, Inc., a Delaware corporation, qualified to do business in Oklahoma. The lease contracts were made in Oklahoma, and were for a term of two years. The equipment was delivered by appellants to the lessee in Oklahoma, and was to be returned to them at the end of the two-year period in Oklahoma. The stipulated rentals were five cents per vehicle loaded mile and were all paid to appellants in Oklahoma. About two-thirds of the rentals received for the use of the equipment were by reason of its use in states other than Oklahoma. The stipulation is silent as to

the circumstances under which the equipment was used in other states, whether it was operated over fixed routes or habitually in other states or whether it was sent out only occasionally and at irregular intervals into other states.

In making their income tax returns for 1940 and 1941, appellants deducted the rentals collected by reason of the use of the equipment outside this state. The Oklahoma Tax Commission assessed additional income taxes against them on the rentals so deducted, in the aggregate sum of $3,298.29 against Roy G. Woods and $3,259.75 against Alta Mae Woods, and they have separately appealed.

Our decision must be governed by the provisions of 68 O. S. 1941 § 878, the material portions of which, as urged by the parties, are as follows:

"The term 'gross income', except as otherwise provided in subsection (c) of this Section,

"(a) Includes gains, profits, and income . . . from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit;

". . .

"(d) The entire net income which is derived from all property owned and/or business transacted within this State and which is derived from all property owned partly within and partly without this State and/or business transacted partly within and partly without this State shall be allocated or determined in accordance with succeeding subsections of this Section.

"(e) Items of the following nature shall be allocated as indicated:

"(1) Income from real and tangible personal property, such as rents, oil and mining production or royalties, and gains or losses from sales of such property, shall be allocated in accordance with the situs of such property;

". . .

"(4) Allowable deductions attributable to items separately allocable in paragraphs (1), (2), and (3) of this subsection, whether or not such items

of income were actually received, shall be allocated on the same basis as those items.

"(f) Net income (or loss) from a business activity of substantial separateness and completeness, such as might be maintained as an independent business (however convenient and profitable it might be if operated conjointly with a related activity) and capable of producing a profit in and of itself, shall be separately allocated to the State in which such activity is conducted.

"(g) It is intended that the net income (or loss) remaining after the separate allocations in subsections (e) and (f) supra, shall be only that which is derived from the conduct in more than one state of a single business enterprise (commonly called unitary business), all the factors of which enterprise are essential to the realization of an ultimate gain derived from the enterprise as a whole, and not from its component parts which are too closely connected and necessary to each other to justify division or separate allocation in subsection (f) supra. The portion of such net income (or loss) remaining which represents the net income earned (or loss sustained) within this State shall be determined on the basis of the arithmetical average of the factors enumerated below in paragraphs (1), (2), and (3).

" . . .

"(3) . . . In the case of an airline, truck or bus enterprise, or freight car, tank car, refrigerator car, or other railroad equipment enterprise, the antecedent term of the ratio shall include a portion of revenue from interstate transportation in the proportion that interstate mileage traveled. . . . "

Appellants contend that the situs of said equipment was in Oklahoma only while it was used in Oklahoma, and that consequently its situs was not in Oklahoma while it was being used in other states. They cite Prairie Cattle Co. v. Williamson, 5 Okla. 488, 49 P. 937, Avery v. Interstate Grocery Co., 118 Okla. 268, 248 P. 340, 52 A. L. R. 528, Johnson Oil Refining Co. v. Oklahoma, 290 U. S. 158, 54 S. Ct. 152, 78 L. Ed. 238, and 51 Am. Jur. §§ 452-486. They call attention to the fact that our in-

come tax statutes contain no provision defining the word "situs" as used in section 878(e) (1), above.

The Oklahoma Tax Commission argues that so far as appellants are concerned the rentals accrued under a transaction consummated exclusively in Oklahoma, and that the situs of the property on which the rent was collected was in Oklahoma at the time the lease contract was made and its situs did not change so far as appellants are concerned. It states that only the lessee is entitled to have its income allocated under said statute, presumably under section 878 (g) (3) above. It cites Commissioner of Internal Revenue v. East Coast Oil Co., 85 Fed. 2d 322, Compania General, etc., v. Collector of Internal Revenue, 279 U.S. 306, 49 S.Ct. 304, 73 L. Ed. 704, James v. United Artists Corporation, 305 U. S. 410, Trane Co. v. Wisconsin Tax Commission, 235 Wis. 516, 292 N. W. 897, Curlee Clothing Co. v. Oklahoma Tax Comm., 180 Okla. 116, 68 P. 2d 834, and Rock Island Refining Co. v. Oklahoma Tax Commission, 193 Okla. 468, 145 P. 2d 194.

We are not here concerned with the question of whether the Legislature could constitutionally levy an income tax upon all rentals regardless of the situs of said equipment, or with the question of whether the net earnings of the lessee from use of said equipment were allocable under section 878 (g) (3), above, or with the question of ad valorem taxation, but only with the question of whether the Legislature intended to levy an income tax on the rentals under the facts of this case.

Ordinarily the situs of personal property for ad valorem tax purposes is at the domicile of the owner, and this rule obtains until it is established that the property has acquired an actual situs elsewhere. Travis v. Dickey, 96 Okla. 256, 222 P. 527; 61 C. J. 521, 51 Am. Jur. 468.

Assuming, without deciding, that the contention of the Tax Commission that the situs of the property at the time the contract was made would govern is incorrect, and that the property might have acquired a situs for ad valorem tax purposes in other states on the basis of the ratio of the average number of miles habitually used in other states to the total mileage in all states under the formula laid down in Johnson Oil Refining Co. v. Oklahoma, above, which would be controlling in allocating the rental income under section 878 (e) (1) above, the fact remains that there is nothing in the agreed statement of facts indicating that the property in question acquired an actual situs in any other state under said formula.

It is our opinion, and we hold, that, under the record before us, the "situs" of the property was in Oklahoma as that term is used in section 878 (e) (1), above.

Affirmed.

GIBSON, C. J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur. ARNOLD, J., not participating.