35426. WILLIAMS, etc. *v.* AMERICAN REFRIGERATOR TRANSIT CO.

DECIDED FEBRUARY 7, 1955—REHEARING DENIED FEBRUARY 28, 1955.

*Eugene Cook, Attorney-General, William L. Norton, Assistant Attorney-General,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman,* contra.

NICHOLS, J. This appears to be a case of first impression in Georgia, since neither counsel for the plaintiff in error nor counsel for the defendant in error have cited any Georgia decisions directly in point, nor has this court located any exactly in point. The plaintiff in fi. fa. excepts to the sustaining of the affidavit of illegality and to the dismissing of the levy of the tax fi. fa., on the ground that the judgment was contrary to law. It was stipulated in part that the defendant in fi. fa. was engaged in the business of leasing refrigerator railroad cars to railroads at a fixed amount for each mile that the car rolled whether loaded or empty, and that the defendant had no office, warehouse, or other place of business in Georgia and had no employees engaged in any activities within the State of Georgia.

The defendant was not "doing business" in Georgia. *Redwine* v. *Dan River Mills,* 207 *Ga.* 381 (61 S. E. 2d 771). The only question here presented is whether or not a foreign corporation, not doing business in Georgia, but receiving income through drafts drawn at the St. Louis, Missouri, office, for contractual rentals on its refrigerator cars which at times were brought into Georgia by lessee railroads and delivered to shippers for loading and thereafter transported in interstate commerce, is subject to the income tax here sought to be collected.

Section 4 of the act of 1931 (Ga. L. 1931, Ex. Sess., pp. 24, 26), codified as Code § 92-3102, declares: "Every domestic corporation, and every foreign corporation, shall pay annually an income tax equivalent to 4% of the net income from property owned or from business done in Georgia, as is defined in section 15 of this Act." Section 15, codified as Code § 92-3113, declares: "The tax imposed by this Act shall apply to the entire net income, as herein defined, received by every domestic corporation, and every foreign corporation owning property or doing business in this State." Subsection 15 (a) provides for the allocation of income

from interest, and of rentals not received in connection with the transaction of business. This subsection obviously refers to income from investments or other sources disassociated from the main business of the taxpayer. The only business done by the defendant was the business transacted outside the State of Georgia in making contracts of rental of its refrigerator cars. The defendant was interested only in the receipt of rentals on the cars, and did not concern itself with the question of where the lessee railroads might see fit to use them. Since it is clear that the defendant had no income from any business transacted in Georgia, either by a contract of rental in Georgia of its refrigerator cars or from any source disconnected from its business, this subsection has no application to the stipulated facts and need not be set forth in detail. It also provides for taxation of income from gains from the sale of personal property, but the defendant had no such income.

Subparagraph 15 (b) provides: "If the trade or business of the corporation is carried on entirely within the State, the tax shall be imposed on the entire business income, but if such trade or business is carried on partly within and partly without the State, the tax shall be imposed only on the portion of the business income reasonably attributable to the trade or business within the State, to be determined as follows." Then follow provisions as to allocations of business and rents, gains from sales, and specifying that, after the net income of these classes has been separately allocated and deducted, the remainder of the net business income of a corporation shall be allocated and apportioned as thereafter stated, but the tax and allocation are obviously conditioned upon the fact of doing business in Georgia, which, as we have held, is not true as to the defendant.

Since the question whether or not there would be liability must be determined as of each of the years from 1931 through 1949, it is necessary to consider certain statutes enacted since 1931.

With respect to the act of 1931, supra, codified in part as Code § 92-3102, the following is pertinent: The act of 1935 (Ga. L. 1935, pp. 121, 122) amended this Code section by adding at the end thereof new matter as to the amount of tax to be collected. The act of 1937 (Ga. L. 1937, pp. 109, 117) amended Code § 92-3102 as previously amended by changing the tax rate from

4 percent to 5½ percent and providing for a minimum amount of tax.

These amendatory acts did not change the original language of the act of 1931, supra, as set forth in the Code of 1933, § 92-3102, with respect to the liability for a tax as there stated. While the language shows the intention to provide for a tax, it does not within itself furnish a formula, but provides for a tax "as defined in § 15" (Code § 92-3113). Consequently, we are concerned only with that section in determining whether or not any liability exists against the defendant.

Examining subsection 15 (b) of the act of 1931, supra (Code § 92-3113), it will be seen that the tax is to be imposed on the "entire business income" if the trade or business is carried on entirely within the State; but, if partly without the State, then only on the portion of the business income reasonably attributable to the trade or business within the State. As we have ruled hereinbefore, the defendant was not doing business within this State. Furthermore, the only "business income" derived in this State was derived by the lessee railroads transporting refrigerator cars of the defendant, namely, freight charges on the contents of the cars. The defendant had a business income, but not in Georgia. It received rentals on the cars which it leased, but its income was received outside of this State by the method of drawing, in St. Louis, Missouri, a draft for the amount due by a given lessee railroad. In connection with the rental of a refrigerator car, the defendant took no action respecting its use. Its only interest was to collect through drafts the contractual rental for such use on a mileage basis. In what State the railroads used the cars was no concern of the lessor.

It is clear that, under the act of 1931, the defendant was not liable for any income tax for the years 1931 through 1949.

In 1935 (Ga. L. 1935, pp. 121, 127) Code § 92-3113 was amended by striking subsection (b) in its entirety, and substituting a new subsection (b), the first sentence of which was as follows: "If the entire business income of the corporation is derived from property owned or business done in the State, the tax shall be imposed on the entire business income, but if the business income of the corporation is derived in part from property owned or business done in the State and in part from property owned

or business done without the State, the tax shall be imposed only on the portion of the business income reasonably attributable to the property owned and business done within the State, to be determined as follows." Then follow provisions as to allocations of business and rents, gains from sales, and specifying that, after the net income of these classes has been allocated, "the remainder of the net business of a corporation shall be allocated and apportioned as follows." Then follow provisions as to such allocation and apportionment. It is clear, however, from the first sentence as above quoted that the tax to be imposed is conditioned on there being a "business income" of the corporation within the State, or that it be doing business partly within the State; and, since as we have hereinbefore demonstrated, the defendant received no "business income" in this State or did business herein, no liability is imposed upon it by this new Code section, 92-3113.

By the act of 1937 (Ga. L. 1937, pp. 109, 129) this section as amended was stricken in its entirety, and a new Code § 92-3113, substituted. The former subsection (a) was eliminated and a new subsection (a) substituted for what was formerly subsection (b). The first sentence of the new subsection (a) is identical with subsection (b) substituted by the act. of 1935, supra. Then follow provisions as to allocation and apportionment; but, for the reasons stated in discussing the section substituted by the act of 1935, the defendant is not subject to any income tax under the act of 1937.

By the act of 1941 (Ga. L. 1941, pp. 202, 215) the section substituted by the act of 1937, supra, was stricken in its entirety and a new Code § 92-3113, was substituted. Subsection (a) is identical with the former subsection (a), except the words "reasonably apportioned" have been substituted for the words "reasonably attributable." For the same reasons stated in discussing the act of 1937, supra, the defendant is not subject to the tax.

Since, as hereinbefore shown, the defendant derived no income outside of its business of leasing or renting refrigerator cars, and in fact had no "business income" in this State, and is not doing business within this State, it follows that it is not subject to any tax under any of the acts herein discussed, and the trial court did not err in sustaining the affidavit of illegality and in dismissing the levy of the tax fi. fa. Woods v. Oklahoma Tax Commission,

196 Okla. 94 (162 Pac. 2d 875), involving rentals from certain motor equipment. See also *20th Century Fox Film Corp.* v. *Phillips*, 76 *Ga. App.* 825 (47 S. E. 2d 183), as showing by analogy that the facts here require a holding that the business income of the defendant was derived outside of this State. *Montag Bros.* v. *State Revenue Commr.*, 50 *Ga. App.* 660 (179 S. E. 563), strongly relied on by the plaintiff in error, is distinguishable on its facts.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. The various acts dealt with are ambiguous as to the tax involved in this case, and especially is this true of the last one. In view of the ambiguity, it is this court's duty to construe the statutes as being constitutional, and therefore as not intending to impose the tax here sought to be collected. Income from personal tangible property is intangible property, and such property is taxable only to its owner at his or its domicile unless it has become an integral part of some local business in the taxing State or was closely connected therewith. *Farmers Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204 (50 Sup. Ct. 98, 74 L. ed. 371, 65 A. L. R. 1000), and citations. To construe the acts as levying the tax here involved would make the acts violative of the 14th Amendment.