KENTUCKY TAX COMMISSION, etc., et al.,
Appellants,

v.

AMERICAN REFRIGERATOR TRANSIT
COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 12, 1956.

William S. Riley, Frankfort, for appellants.

James W. Stites, Louisville, for appellee.

MILLIKEN, Chief Justice.

The principal question in this case is whether Kentucky may levy an income tax on a foreign corporation, admittedly doing no business within the state, but whose refrigerator cars traverse the state in interstate commerce on the lines of connecting carriers of several western railroads which have leased the cars. The foreign corporation receives a specified rate per mile for the use of its cars, and the state has attempted to levy an income tax on the net profits derived by the foreign corporation from the mileage its cars traveled in Kentucky.

The appellee, American Refrigerator Transit Company, is a New Jersey corporation, with its home office in St. Louis, Missouri. It is engaged in the business of furnishing its refrigerator cars under lease on a mileage rental basis to various railroads, none of which operate in Kentucky, but the cars do pass through Kentucky in interstate commerce. None of the car leases are executed in Kentucky, the lessor corporation exercises no control over the routing of the cars, and the mileage payments of the various railroads transporting the cars—including the connecting carriers operating in Kentucky—are not made in this state. The appellee, lessor, receives the same rate per mile from all railroads hauling the cars regardless of the existence of a lease or contract with the particular railroad.

During 1953 the appellee's refrigerator cars traveled 1,592,182 miles in Kentucky which resulted in a net Kentucky income to the appellee of $5,563 derived from its cars traversing this state, with an asserted resultant tax and penalty of $312.90 which the Kentucky Department of Revenue is attempting to assess and collect, and which the trial court ruled is an invalid tax and hence uncollectible.

It is the contention of the Department of Revenue that KRS 141.040, a part of our income tax law, was amended in 1948 in order to enable the state to tax income of foreign corporations "derived from business done, property located, activities or *sources* in this state" regardless of whether the cor-

poration actually was doing business here or had property the situs of which was here. The Department contends that the appellee derived income from the mileage its cars were hauled in Kentucky, and hence part of its income was derived from "activities or sources" in Kentucky within the meaning of the statute. The theory or basis upon which it is attempted to justify the tax appears to be that the state, being an organized societal and governmental entity, affords protection to the appellee's cars during their presence within the state.

On the other hand, the appellee points out that it is not doing business within the state and has no control over the presence of its cars in the state under its leasing contract with the lessee, railroads. It asserts that it derives its income from the leasing contract and not from its own use of the cars, and that it is paid its mileage rental in Missouri regardless of whether the railroads make any profit from the use of its cars.

There are many other contentions made by the litigants which we shall not mention, for we have concluded that the business activities of the lessee railroads and their connecting lines are not legally attributable to the lessor appellee. The income derived from the use of appellee's cars by Kentucky railroads is subject to state income tax payments by the latter, but it does not follow that the appellee, lessor of the cars, is likewise subject to the tax. While the presence of its leased cars in the state may possibly subject them to ad valorem taxation, Reeves v. Island Creek Fuel & Transportation Co., 313 Ky. 400, 230 S.W.2d 924,

it is not their presence here but the contract or lease, negotiated and executed in the State of Missouri, which is the *source* of the appellee's income, and neither that instrument nor its owner is located in this state. If the appellee were forced to sue any of the lessee railroads or their connecting carriers for the use of the cars, the basis of the action would be the leasing contract and the tariff regulations, and the mileage traversed by the cars in the various states would be only evidence tending to establish the amounts due under the leasing contract and would not be the basis of the action itself. For analogous reasoning, see Commonwealth ex rel. Luckett v. Radio Corporation of America, 299 Ky. 44, 184 S. W.2d 250, at page 252.

Viewing the leasing contract, which was negotiated and executed in the State of Missouri, as the *source* of the income, we are forced to the conclusion that it is not subject to Kentucky income taxation for the taxation proposed has "no relation to a subject within the taxing government," Louisville & Jeffersonville Ferry Co. v. Commonwealth of Kentucky, 188 U.S. 385, at page 396, 23 S.Ct. 463, 47 L.Ed. 513. Cf. Pacific Fruit Express Co. v. Oklahoma Tax Commission, D.C., 27 F.Supp. 279; Pauline Oil & Gas Co. v. Mutual Tank Line Oil Co., 118 Okl. 111, 246 P. 851; State v. American Refrigerator Transit Co., 151 Ark. 581, 237 S.W. 78; Union Tank Line Co. v. Day, 143 La. 771, 79 So. 334; T. W. Williams, etc. v. American Refrigerator Transit Co., 91 Ga.App. 522, 86 S.E.2d 336.

The judgment is affirmed.