BRADLEY LUMBER CO. OF ARK. *v.* CHENEY, COMM'R OF
REVENUES.

5-1057                                    295 S. W. 2d 765

Substitute opinion delivered December 10, 1956.

[Original opinion delivered October 29, 1956.]

*Davis & Allen,* for appellant.

*J. E. Gaughan, John H. Lookadoo, Hendrix Rowell,* and *Herrn Northcutt,* for appellee.

GEORGE ROSE SMITH, J.  This is a bill in equity by which the appellant seeks to enjoin the Commissioner of Revenues from enforcing a regulation issued under § 1 of Act 100 of 1955 (Ark. Stats. 1947, § 84-2107).  It is asserted that Act 100 was not constitutionally passed by the General Assembly and that in any event there is no statutory authority for the imposition of a severance tax upon rough lumber as distinguished from timber. The chancellor held Act 100 to be constitutional and dismissed the appellant's complaint.

Section 1 of Act 100 requires, in substance, that a purchaser of severed natural resources must ascertain whether the severance tax thereon has been paid and, if not, must withhold the amount of the tax from the purchase price.  The appellant, in attacking the validity of the act, offers proof to show that, although the bill as introduced in the House of Representatives was amended by that body, the Governor signed the bill in its original form, without the amendment.  It is accordingly argued that the bill which the Governor approved is not the same bill which was passed by the legislature.

The undisputed proof is to this effect: The bill, as introduced in the House on January 20, contained a clause authorizing the Commissioner of Revenues to prepare a formula for determining the severance tax upon saw timber that had been converted into lumber.  On February 3 the House adopted an amendment which provided that this formula should be prepared by the State Forestry Commission.  On February 8 the bill was read for the third time and passed by the House.  The entry in the House journal with reference to the final passage of the bill refers to the measure merely as "the bill," without mentioning the amendment previously adopted; so the journal does not affirmatively reflect that the House approved the measure in its amended form.  The bill was then sent to the Senate, which passed it on February 11. The Senate journal, like that of the House, refers merely to "the bill."  As signed by the Governor the meas-

ure does not contain the amendment adopted by the House on February 3.

These facts are not sufficient to establish the invalidity of the act. When a bill is signed by the Governor and deposited with the Secretary of State, there arises a presumption that every requirement for its passage was complied with. *Harrington* v. *White*, 131 Ark. 291, 199 S. W. 92. This presumption cannot be overcome by the silence of the legislative journals unless the constitution requires the journals affirmatively to show the action taken. There is no requirement in the constitution that either house keep a record of its action upon amendments to a pending bill; all that is required is a record of the vote cast upon final passage of the measure. Const., Art. 5, § 22. It is therefore entirely possible — and the presumption arising from the Governor's approval requires us to assume — that in the interval between February 3 and February 8 the House receded from the amendment without recording its action in the journal. The point was so decided, upon similar facts, in *Chicot County* v. *Davies*, 40 Ark. 200, and *Perry* v. *State*, 139 Ark. 227, 214 S. W. 2d 2. Those cases control this one.

Nor is the presumption overcome by the fact that the House's action in receding from the amendment should, under the House's own rules of procedure, have been recorded in its journal. Subject to the restrictions imposed by the constitution each branch of the legislature is free to adopt any rules it thinks desirable. It follows, both as a matter of logic and as a matter of law, that each house is equally free to determine the extent to which it will adhere to its self-imposed regulations. For this reason it was held in *Railway Co.* v. *Gill*, 54 Ark. 101, 15 S. W. 18, 11 L. R. A. 452, that the validity of an act is not affected by the legislature's disregard of its own rules, the court saying: "The joint rules of the general assembly were creatures of its own, to be maintained and enforced, rescinded, suspended, or amended, as it might deem proper. Their observance was a matter

entirely subject to legislative control and discretion, not subject to be reviewed by the courts."

The determination that Act 100 is valid is practically a complete answer to the appellant's alternative contention. We do not construe either Act 100 or the Commissioner's regulation thereunder as an attempt to collect a severance tax upon rough lumber as such. The tax is levied upon the severing of timber and timber products. Ark. Stats., § 84-2102. Act 100 and the regulation in question merely supplement the existing statutes by requiring specified processing mills, in connection with their purchases of such timber and timber products, to withhold from the seller any amount of tax that is still owed to the State. It is suggested by a paragraph in the appellant's brief on rehearing that the appellant construes the regulation as an attempt to require a purchaser of rough lumber to pay a tax thereon even though the severance tax has already been paid upon the timber from which the lumber was made. We do not so interpret the regulation, nor does the Commissioner make any such contention in his pleadings or in his brief. Act 100 is intended to provide a more efficient method of collecting unpaid severance taxes; if the Commissioner should attempt to construe the act as authority for the collection of a new and independent tax upon lumber his conclusion would clearly be erroneous.

Affirmed.