ARCO AUTO CARRIERS, INC. *v.* STATE.

5-2253                                          341 S. W. 2d 15

Opinion delivered November 21, 1960.

[Rehearing denied January 9, 1961.]

*George S. Dixon* and *Louis Tarlowski,* for appellant.

*Bruce T. Bullion,* Special Assistant to the Attorney General. *Bruce Bennett,* Attorney General, of counsel, for appellee.

SAM ROBINSON, Associate Justice. This action was brought by the State of Arkansas to enforce the collection of certain *ad valorem* taxes on trucks and equipment used by appellants in hauling for hire into and through the State of Arkansas in interstate commerce, automobiles and other merchandise. The issue is the validity of the tax. The chancellor held that the tax is valid, and the transportation companies have appealed. On motion of appellant Greyvan Lines, Inc., its appeal has been dismissed.

The tax is authorized by Ark. Stats. § 84-601. The property used in interstate commerce and in issue here is divided into two categories: The vehicles used in hauling merchandise into this State, and vehicles used in hauling merchandise through the State. Insofar as this case is concerned, there is no distinction. The vehicles used in both categories are engaged in interstate commerce. No provision of our Constitution is pointed out as prohibiting the act in question. But appellants vigorously argue that the statutes authorizing the tax, and also the action of the taxing officials of Arkansas in attempting to collect the tax, violate Article 1, § 8, the commerce clause of the United States Constitution, and the 14th Amendment.

Conceding that the owners of the equipment involved in this case could not be compelled to pay an excise or privilege tax (*State* v. *American Refrigerator Transit Co.,* 151 Ark. 581, 237 S. W. 78), the fact remains that only an *ad valorem* tax is involved here, and the tax is on property that may be found in this State. It is immaterial that such property may not be moved on any regular route or schedule. Conceivably millions of dollars' worth of transportation equipment belonging to appellants could be in the State at all times, with the owners

thereof being afforded the benefits and protection of a duly constituted, organized and functioning state government. And, moreover, the fact that no particular piece or pieces of such equipment would be here for any designated time should not relieve the owners thereof from bearing their fair share of maintaining and operating a state government, with all its ramifications, that serves all the people, including the owners of the transportation equipment found in the State, regardless of where such owners may be domiciled.

Of course, in the circumstances of the property not being in the State 100% of the time and subject to an *ad valorem* tax in other states, this State can only levy a tax based on a formula "which fairly apportions the tax to the commerce carried on within the state." *Standard Oil Co.* v. *Peck,* 342 U. S. 382, 72 S. Ct. 309, 96 L. Ed. 427. In the case at bar it appears that such a formula was used, but if the formula is not fair, appellants have an administrative remedy. Ark. Stats. § 84-609—84-612, § 84-115. Here, however, they did not pursue the administrative remedy to a final conclusion.

This case is controlled by three cases heretofore decided by the United States Supreme Court. First is the case of *Pullman's Car Co.* v. *Pennsylvania,* 141 U. S. 18, 11 S. Ct. 876, 35 L. Ed. 613. There the Court said: "For the purposes of taxation, as has been repeatedly affirmed by this court, personal property may be separated from its owner; and he may be taxed, on its account, at the place where it is, although not the place of his own domicil, and even if he is not a citizen or a resident of the State which imposes the tax. . . . It is equally well settled that there is nothing in the Constitution or laws of the United States which prevents a State from taxing personal property, employed in interstate or foreign commerce, like other personal property within its jurisdiction. [Citing cases]"

Next is *Ott* v. *Mississippi Barge Line,* 336 U. S. 169, 69 S. Ct. 432, 93 L. Ed. 585. In that case it was held that the doctrine of the Pullman case is applicable to barges and

towboats, moving freight in interstate commerce up and down the Mississippi River. *Ad valorem* taxes levied on such transportation equipment by Louisiana and the City of New Orleans were upheld.

The third case is *Braniff Airways* v. *Nebraska Board,* 347 U. S. 590, 74 S. Ct. 757, 98 L. Ed. 967. The issue was the authority of Nebraska to levy an *ad valorem* tax on aircraft, the owners of which were domiciled in other states, such aircraft being found in Nebraska but used in interstate commerce. The Supreme Court upheld the right of the State to collect a tax properly apportioned on the basis of the use of the aircraft in Nebraska compared to the over-all use of such equipment.

As shown by the above mentioned cases, the United States Supreme Court has upheld an *ad valorem* tax when fairly apportioned on railway, barge line and air-craft equipment used in interstate commerce. There is no sound reason why such a tax is not equally valid when applied to vehicles used on the the roads of the State. The State of Arkansas did not levy the tax on the full value of the equipment; a mileage formula was used. This formula determines the percentage of the total time the property may be found within this State and the percentage of time the assets of the appellants are employed here for purposes of *ad valorem* taxes. Appellants also attack here the formula used, but they did not exhaust their administrative remedy on such question.

Appellants contend also that Article 2, Sec. 23, of the Constitution of Arkansas prohibits *quasi* judicial commissions from making assessments for *ad valorem* tax purposes. In *McDaniel* v. *Texarkana C. & M. Co.*, 94 Ark. 235, 126 S. W. 727, the Court said: "The Legislature has the power to make all property in this State subject to taxation, except property exempted by the Constitution. It has the power to provide where and in what manner said taxes shall be levied and collected; and it may classify corporations and corporate interests for the purpose of taxation, and specify the mode of the assessment, levy and collection of taxes on corporate

properties and interests." But appellants contend that Amendment No. 47 to the Constitution of this State prohibits the levy of an *ad valorem* tax by the State. Here the State has levied no *ad valorem* tax. An agency of the State has merely ascertained the value of the property. True, under the provisions of Act 168 of 1953 (Ark. Stats. 84-614) the Commissioner of Revenues collects the tax, but the same act provides that the State Treasurer shall pay the amounts so collected to the County Aid Fund and in turn shall distribute same to the various counties on a proportionate basis as set out therein (Ark. Stats. 84-615). It can readily be seen that this is a county tax merely administered by a State agency for the purpose of efficiency, and therefore is not in violation of Amendment 47.

Affirmed.