ANDERSON TRUCKING SERVICE, Inc.
et al *v.* TAX DIVISION, ARKANSAS
PUBLIC SERVICE COMMISSION

76-262                                          546 S.W. 2d 430

Opinion delivered February 22, 1977
(In Banc)

*David S. Cordish, P.A.,* and *Warner & Smith,* by: *G. Alan Wooten,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Lewis D. Smith,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This case is so nearly iden-

tical with an earlier one that we can greatly simplify this opinion by beginning with a review of the other case. *Arco Auto Carriers v. State,* 232 Ark. 779, 341 S.W. 2d 15 (1960), appeal dismissed, cert. den., 365 U.S. 770 (1961).

In *Arco* the State of Arkansas brought suit to collect *ad valorem* taxes levied upon trucks and related equipment used in the transportation of merchandise through or into Arkansas, in interstate commerce. We assume that in *Arco,* as in the case at bar, the owners of the trucks had no fixed property in Arkansas and engaged in no intrastate business here. The trucks traveled into, through, and out of this state, from permanent facilities in other states. The *ad valorem* tax that the State sought to collect in *Arco* was computed upon a mileage formula which apportioned the tax according to the commerce carried on within Arkansas. The facts that we have recited are essentially present in the case at bar.

It was first argued in *Arco* tha the *ad valorem* tax was an unconstitutional burden upon interstate commerce. We discussed the point at some length, citing United States Supreme Court decisions holding that a nondiscriminatory *ad valorem* tax based upon the proportionate use of rolling stock in the taxing state is valid. The Supreme Court refused to review the *Arco* decision. The present appellants make the same argument that we rejected then, but no new authority is cited. We adhere to our position, which is demonstrably fair.

In *Arco* the second attack upon the tax rested upon Amendment 47 to our Constitution, which reads: "No *ad valorem* tax shall be levied upon property by the State." It was shown by the protesting carriers that the State determined the value of the trucks being taxed and also collected the taxes, which were then distributed through the County Aid Fund to the various counties on a proportionate basis. The truck companies argued that the State was actually levying a property tax, contrary to Amendment 47. We pointed out the fallacy in that argument: "Here the State has levied no *ad valorem* tax. . . . It can readily be seen that this is a county tax merely administered by a State agency for the purpose of efficiency, and therefore is not in violation of Amendment 47."

Much the same argument is made in the present case, with one difference: When *Arco* was decided, the tax money was paid into the State's county aid fund and was presumably distributed to the counties on a proportionate basis. Now, however, the tax money is deposited in several specified State accounts, pursuant to a later statute. Ark. Stat. Ann. § 13-351 (Supp. 1975). It is stipulated that a comparatively small part of the tax money is actually paid directly to the counties.

Even so, the appellants, for either of two reasons, are not entitled to refuse to pay the *ad valorem* tax upon their trucks. In the first place, the State accounts enumerated in § 13-531, *supra*, appear to be devoted to local purposes, directly or indirectly. Absent a clear showing that the *ad valorem* tax is being used for State purposes only, with no benefit to local governments, we must defer to the General Assembly's judgment with regard to the use of the funds. The legislature has the power to require counties to pay expenses imposed by state law. *Walsh* v. *Campbell*, 240 Ark. 1034, 405 S.W. 2d 264 (1966). By the same reasoning the legislature can apply the proceeds of these *ad valorem* taxes to local purposes.

Secondly, the appellants have no standing in this case to complain that their tax payments may be unconstitutionally diverted to State purposes. If the tax is a legal levy, as we hold it to be, the appellants are not in a position to refuse to pay the tax merely because part of the money may not be used for local purposes. Under Article 16, § 13, of the Constitution of 1874, the taxpayer's remedy is to enjoin the illegal expenditure. *Farrell* v. *Oliver*, 146 Ark. 599, 226 S.W. 529 (1921); Garner, Sloan, and Haley, "Taxpayers' Suits to Prevent Illegal Exactions in Arkansas," 8 Ark. L. Rev. 129 (1954). Otherwise any taxpayer could refuse to pay a lawful tax on the ground that part of the money was to be used illegally.

Affirmed.

HARRIS, C.J., not participating.

BYRD and HICKMAN, JJ., dissent.