COUNTY OF HOWARD, CITY OF EL DORADO, and PARKER'S CHAPEL SCHOOL DIST. OF UNION COUNTY *v.* Burl ROTENBERRY, as Chairman Workers' Compensation Commission, et al.

85-3                                              688 S.W.2d 937

Supreme Court of Arkansas
Opinion delivered May 13, 1985

*G. Ross Smith, P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert R. Ross*, Deputy Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The issues raised in this appeal concern the validity of Act 393 of 1983, codified at Ark. Stat. Ann. § 81-1348(e) (Supp. 1983). Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c).

Act 393 imposes a tax on public employers payable to the Workers' Compensation Commission to provide compensation benefits to the employees of those employers. Previously, benefits were provided by the state with no payment by these employers.

Act 221 of 1977, § 3, codified at Ark. Stat. Ann. § 13-2303 (Repl. 1979), requires that prior to any vote in any committee or on the floor of the General Assembly on an act which requires the expenditure of public funds, a fiscal impact statement must be filed with the chairman of each committee and the chief clerk of each House. No fiscal impact statement was filed prior to the vote on Act 393.

The appellants, public employers subject to the tax imposed by Act 393, filed suit in Pulaski Circuit Court seeking a declaratory judgment that Act 393 was void *ab initio* and seeking a refund of any money paid pursuant to the Act. The trial court

held that the required filing of a fiscal impact statement is directory legislation only, rather than mandatory, and as such is not binding on the legislature. It is from that finding that this appeal is brought.

In a letter opinion, the trial judge found that whether or not the legislature could choose to ignore Act 221 in passing Act 393 turns on whether the former Act was mandatory legislation or merely directory. In conclusion, he stated:

> This provision [Act 221] is not intended to give notice to or protect any interest of the municipalities or the counties. Its primary intent is to give the legislature additional facts to consider when passing bills that affect the fiscal affairs of counties or municipalities. This statute is *not* a limitation on the power of the Legislature, but merely a guide for the conduct of its business and for more orderly procedure, and thus directory only. In other words, the Act does not purport to limit the power of the Legislature to pass legislation having a financial impact on municipalities or counties but relates only as to the manner in which that power is to be exercised.

> This Court does not believe that the Legislature ever intended to limit their power to the extent urged by the plaintiffs. While it cannot be denied that the plaintiffs would possibly benefit from an impact statement being filed, this is a self-imposed requirement on the Legislature—but only an additional step in the routine of passing legislation that can be ignored by the Legislature—as was done in this case—without casting any doubt on the validity of the subsequent legislation such as Act 393 of 1983.

Here we agree that Act 221 is merely a guide for the conduct of the legislature's business.

■■ Article 5, § 12 of the Arkansas Constitution provides that each house of the General Assembly has the power to determine its own rules of proceedings. In *Bradley Lumber Co. of Ark.* v. *Cheney, Comm'r of Revenues*, 226 Ark. 857, 295 S.W.2d 765 (1956), this court reiterated the rule that "[w]hen a bill is signed by the Governor and deposited with the Secretary of State, there arises a presumption that every requirement for its passage was compiled with." The court further stated:

Nor is the presumption overcome by the fact that the House's action in receding from the amendment should, under the House's own rules of procedure, have been recorded in its journal. Subject to the restrictions imposed by the constitution each branch of the legislature is free to adopt any rules it thinks desirable. It follows, both as a matter of logic and as a matter of law, that each house is equally free to determine the extent to which it will adhere to its self-imposed regulations . . . [T]he validity of an act is not affected by the legislature's disregard of its own rules . . . "The joint rules of the general assembly were creatures of its own, to be maintained and enforced, rescinded, suspended, or amended, as it might deem proper. Their observance was a matter entirely subject to legislative control and discretion, not subject to be reviewed by the courts." [Citations omitted].

See also *Reaves* v. *Jones*, 257 Ark. 210, 515 S.W.2d 201 (1974).

■■ Since the Arkansas Constitution does not impose a requirement that fiscal impact statements be filed before a vote may be taken by the General Assembly, there is no constitutional restriction on the legislature in this matter. To the contrary, art. 2, § 23 of the state constitution recognizes the right of the state to tax. This court has also recognized the power of the legislature to tax property in the state. *Arco Auto Carriers, Inc.* v. *State*, 232 Ark. 779, 341 S.W.2d 15 (1960), *cert. denied*, 365 U.S. 770 (1961). Here, the objects of the taxation are municipalities and counties which are entities created by the state. As such, the legislature was acting well within its power when it imposed the tax provided by Act 393.

■■ In determining whether legislation is directory or mandatory, this court has held that when the statute "relates to the manner in which power or jurisdiction in a public officer is to be exercised, and not to the limits of the power or jurisdiction itself, [it] may be, and often [has] been, construed to be directory." *Phillips* v. *State*, 162 Ark. 541, 258 S.W. 403 (1924). Act 221 does not place limits on the legislature nor control its power to vote on matters which would have a financial impact on counties and municipalities. Rather it directs the manner in which that power is to be exercised by requiring that a fiscal impact statement be filed before a vote is taken. As such, it is

directory legislation which the General Assembly is free to ignore if they so choose.

Our holding in support of the trial court's findings makes it unnecessary to address the issue raised by the appellees in their cross-appeal.

Affirmed.