The Honorable David Johnson State Representative 1704 North Harrison Street Little Rock, AR 72207-5324
Dear Representative Johnson:
I am writing in response to your request for an opinion concerningAct 1926 of 2005, which is codified at A.C.A. § 23-79-906 (Supp. 2005). As you have noted, this legislation was passed by the 85th
General Assembly. Among other provisions, it forbids any bill filed after January 1, 2006, that mandates a health insurance service or benefit from being enacted into law unless the bill has been reviewed and evaluated by the Arkansas Advisory Commission on Mandated Health Benefits ("Commission"). [1] You have posed the following question concerning this legislation, which I have paraphrased:
 In light of the administrative obstacles to the lawmaking process created by Act 1926, are the provisions of Arkansas Code § 23-79-906, as enacted by Act 1926 of 2005, constitutional?
 RESPONSE
In my opinion, the 86th General Assembly and subsequent legislatures are not required to follow the provisions of A.C.A. § 23-79-906, not because there is a constitutional problem with the Commission reviewing and evaluating proposed mandated health insurance services or benefits as contemplated by the statute, but because each legislature has independent authority to dictate matters of legislative procedure. In effect, there is no penalty for noncompliance. A court in my opinion will not intervene to invalidate an act that contains a mandated health insurance service or benefit on the basis of the failure to follow the directives of A.C.A. § 23-79-906. [2]
My research has revealed one apposite Arkansas case — County of Howardv. Rotenberry, 286 Ark. 29, 688 S.W.2d 937 (1985). InRotenberry, the court addressed Act 221 of 1977, (A.C.A. §§ 19-1-301
and -302 (Repl. 1998)), which the court described as follows:
 Act 221 of 1977 . . . requires that prior to any vote in any committee or on the floor of the General Assembly on an act which requires the expenditure of public funds, a fiscal impact statement must be filed with the chairman of each committee and the chief clerk of each House.
 286 Ark. at 30.
At issue in the case was the validity of a 1983 act that imposed a tax on public employers for workers' compensation benefits. No fiscal impact statement was filed prior to the vote on the act, and several public employers subject to the tax argued that the act was "void ab initio" based on the 1977 legislation. Id. at 30-31. The trial court had framed the issue as "whether the former Act was mandatory legislation or merely directory." Id. at 31. The trial court found that it was directory and "not binding on the legislature," concluding:
 [T]his is a self-imposed requirement on the Legislature — but only an additional step in the routine of passing legislation that can be ignored by the Legislature — as was done in this case — without casting any doubt on the validity of the subsequent legislation. . . .
 Id.
The Supreme Court agreed that the 1977 legislation "is merely a guide for the conduct of the legislature's business." Id. The court cited Ark. Const. art. 5, § 12, which empowers each house of the General Assembly "to determine the rules of its proceedings[.]" Apparently, the court viewed the fiscal impact requirement under the 1977 act as tantamount to a procedural rule which, according to well-established precedent, can be changed at will. The court quoted the following from a case that involved a rule requiring the entry of a measure in the legislative journals:
 Subject to the restrictions imposed by the constitution each branch of the legislature is free to adopt any rules it thinks desirable. It follows, both as a matter of logic and as a matter of law, that each house is equally free to determine the extent to which it will adhere to its self-imposed regulations . . . [T]he validity of an act is not affected by the legislature's disregard of its own rules . . . "The joint rules of the general assembly were creatures of its own, to be maintained and enforced, rescinded, suspended, or amended, as it might deem proper. Their observance was a matter entirely subject to legislative control and discretion, not subject to be reviewed by the courts." [Citations omitted].
 Id. at 32, quoting Bradley Lumber Co. of Ark. v. Cheney, 226 Ark. 857,859-860, 295 S.W.2d 765 (1956).
The court in Rotenberry concluded as follows with regard to the statutory requirement at issue therein:
 Act 221 [of 1977] does not place limits on the legislature nor control its power to vote on matters which would have a financial impact on counties and municipalities. Rather it directs the manner in which that power is to be exercised by requiring that a fiscal impact statement be filed before a vote is taken. As such, it is directory legislation which the General Assembly is free to ignore if they so choose.
 286 Ark. at 32-33.
It is difficult to view the act at issue in Rotenberry as "merely directory," versus mandatory legislation, given its requirement that "a fiscal impact statement be filed before a vote is taken." The holding that the legislature is "free to ignore" even a statutory procedural requirement is consistent, however, with the following principle expressed in Sutherland on Statutory Construction:
 The decisions are nearly unanimous in holding that an act cannot be declared invalid for failure of the house to observe its own rules. Courts will not inquire whether such rules have been observed in the passage of the act. The legislature by statute or joint resolution cannot bind or restrict itself or its successors as to the procedure to be followed in the passage of legislation.
 Sutherland, § 7:4 (6th ed., 2002) (emphasis added).
Rotenberry may be understood to reflect adherence to this general principle, which has been further expressed as follows:
 I realize that prior Legislatures have passed many statutes which contain procedural provisions, which purport to govern legislative procedures. When a succeeding Legislature follows any procedural rules provided for by statute, without objection, the Legislature, by its very action, is adopting the statutory procedure, and no problem is created. When a succeeding Legislature, however, does not wish to adopt a statutory procedure which has been established by a previous Legislature, as is the case here, I believe that the Legislature can change that procedure without adopting a Bill.
Opinion of the Justices No. 265, 381 So.2d 183, 187 (Ala. 1980).
This view is consistent with, and perhaps compelled by, settled principles of law dealing with the power of one legislature to bind subsequent legislatures. The rule has been expressed thus:
 "One legislature cannot bind a succeeding legislature or restrict or limit the power of its successors to enact legislation, except as to valid contracts entered into by it, and as to rights which have actually vested under its acts, and no action by one branch of the legislature can bind a subsequent session of the same branch. Nevertheless during sessions legislative bodies may do and undo, consider and reconsider, as often as they think proper, as only the final result will be regarded as the thing done, and a legislature, in the anticipation of a probable future condition, may provide legal rules to apply thereto."
 Newton v. State, 375 So.2d 1245, 1248 (Ala.Crim.App. 1979) (rejecting a challenge to a local bill on the grounds that it had not been enacted in compliance with a statutory procedure requiring that bills dealing with the judiciary be submitted to the administrative director of courts for an opinion, and quoting in turn 82 C.J.S. Statutes § 9 (1953)).See also Manigault v. S.M. Ward Co., 123 F. 707, 717 (D.S.C. 1903),aff'd, Manigault v. Springs, 199 U.S. 473(1905), holding as follows:
 When, therefore, one General Assembly passes an act like this in question, declaring that no bill shall be introduced or entertained in either House of the General Assembly unless certain prerequisite conditions are fulfilled — conditions not existing in the Constitution — it assumes a power which it does not possess. If, notwithstanding, any succeeding General Assembly shall receive and entertain a bill which has not fulfilled these conditions, this action on its part is either a declaration of its independence of these restrictions, or it is a repeal of the previous act pro tanto. [Citation omitted.]
At least one court has refused to determine whether the legislature complied with a procedural statutory provision when it enacted legislation. In State ex re. LaFollette v. Stitt, 114 Wis.2d 358,338 N.W.2d 684 (1983), a statute required the referral of certain proposed legislation to a "joint survey committee on debt management." The statute provided as follows:
 Upon the introduction in either house of the legislature of any proposal which affects any existing statute or creates any new statutes relating to the authorization to issue state debt or revenue obligations as set forth in ch. 18, . . . shall at once be referred to the committee by the presiding officer instead of to a standing committee. The proposal shall not be considered further by either house until the committee has submitted a report, in writing, setting forth an opinion on the fiscal effect upon the state or local government, the effect upon the state's and local government's ability to issue debt and revenue obligations, the appropriateness of the proposal in relation to the state's and local government's debt policies and the desirability of the proposal as a matter of public policy and the report has been printed as an appendix to the bill and attached to the bill as are amendments. . . .
114 Wis.2d at 363-64 (emphasis original, quoting sec. 13.49(6) Stats.).
Operating notes to fund an anticipated deficit were going to be issued under an act that was not referred to the committee prior to passage; and it was contended that this invalidated the act. Id. at 364. In declining to invalidate the act on that basis, the court observed:
 Courts are reluctant to inquire into whether the legislature has complied with legislatively prescribed formalities in enacting a statute. This reluctance stems from separation of power and comity concepts, plus the need for finality and certainty regarding the status of a statute. Baker v. Carr, 369 U.S. 186, 215 (1962). Although since Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803) courts have had the authority to review acts of the legislature for any conflict with the constitution, courts generally consider that the legislature's adherence to the rules or statutes prescribing procedure is a matter entirely within legislative control and discretion, not subject to judicial review unless the legislative procedure is mandated by the constitution. 73 Am. Jur. 2d Statutes, sec. 49, p. 296. If the legislature fails to follow self-adopted procedural rules in enacting legislation, and such rules are not mandated by the constitution, courts will not intervene to declare the legislation invalid. The rationale is that the failure to follow such procedural rules amounts to an implied ad hoc repeal of such rules.
 State ex re. LaFollette v. Stitt, 114 Wis.2d 358, 364-65,338 N.W.2d 684 (1983).
The court noted that the procedural statute embodied no constitutional requirement, and it adhered to what it called "the general rule that courts have no authority to invalidate legislation on the ground of legislative noncompliance with procedural statutes." Id. at 367. I find the following statements particularly instructive in addressing your concern regarding A.C.A. § 23-79-906:
 [The] statute does not codify any constitutional provisions regarding legislative procedures. It is simply a procedural rule, albeit in statute form and thereby imbued with all the dignity and importance of a legislative act passed by both houses of the legislature and signed by the governor. Nevertheless, the fact that sec. 13.49 is something more than a mere internal procedural rule but less than a constitutional requirement, does not remove it from the application of the general rule as stated by Sutherland, supra. In one court which has considered the question it has been held that the legislature's failure to follow a procedural rule — even if such rule is embodied in a statute — is not open to judicial scrutiny and cannot be a basis for judicial invalidation of a legislative enactment. [Citation omitted.]
 State ex re. LaFollette, 114 Wis.2d at 367.
Although I have found no helpful Arkansas case other thanRotenberry involving a procedural statute, rather than a legislative procedural rule, I find the foregoing authorities persuasive on the subject. I note additionally that while our court in Rotenberry framed the issue as "whether the former Act was mandatory legislation or merely directory," (286 Ark. at 31), it may well be that in matters of procedure, mandatory procedural language is invariably only directory. To conclude otherwise would seem contrary to the mainstream of the case law and other authority regarding each legislature's independent power to dictate matters of legislative procedure.
In my opinion, therefore, the procedures established by A.C.A. § 23-79-906 with respect to mandated health insurance benefits are not binding on subsequent legislatures. The statute is not based on any constitutional requirement. It simply has to do with the process the legislature uses to propose or pass legislation. Accordingly, based on the foregoing, it is my conclusion that the 86th General Assembly and future legislatures may either follow it or disregard it, as they choose. In my opinion, a court will not intervene to invalidate an act that contains a mandated health insurance service or benefit on the basis of the failure to follow the directives of A.C.A. § 23-79-906.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE
Attorney General
MB:EAW/cyh
Enclosure
[1] The Commission's duties in this regard are triggered by the legislature's determination that the bill "contain[s] sufficient merit to warrant further consideration." A.C.A. § 23-79-906(a)(1)(A)(ii) (Supp. 2005).
[2] I opined in Attorney General Opinion No. 2006-114 (issued August 23, 2006), that the reporting requirement under A.C.A. § 23-79-906 involving the Commission is lawful and constitutional. To the extent Opinion 2006-114 might be read to suggest that 86th General Assembly and subsequent legislatures are bound to follow the procedures established by this statute, upon penalty of enacting a void law, that Opinion is hereby modified to accord with this Op. Att'y Gen. No. 2006-184.