71524. BEKELE v. RYALS et al.
(339 SE2d 655)

DEEN, Presiding Judge.

Appellant Bekele is president and owner of Rapid Group, Inc. (Rapid), a firm which provides self-insurance coverage on a group of Atlanta taxicabs, including the one operated by appellee Leon Ryals. Ryals was injured when his cab was involved in a collision. He submitted a copy of the accident report to his insurer, along with a claim form, and directed his medical providers to send the medical bills directly to the insurer. After Bekele allegedly informed him that the bills would not be paid, and when in fact at least some of them apparently were not paid in a timely manner, Leon Ryals and his wife brought an action in the State Court of Fulton County against Bekele and Rapid, alleging that the former spoke to Ryals in an abusive manner, accused him of malingering, and told him the bills would not be paid; Ryals further alleged that Bekele (who is of the same race as appellees) repeatedly called him by an insulting racial epithet. Compare similar epithets in *Kornegay v. State*, 174 Ga. App. 279 (329 SE2d 601) (1985). Mr. Ryals sought general damages, punitive damages, and attorney fees for the alleged torts of name-calling and intentional infliction of emotional distress by refusing to pay the medical bills. Mrs. Ryals, as co-plaintiff, made essentially the same allegations.

Bekele and Rapid answered, denying the allegations of the complaint, alleging *inter alia* that Ryals had failed to submit medical bills or other documentation of his claim, and reserving a counterclaim for malicious use or abuse of legal process. Bekele and Rapid subsequently moved for partial summary judgment, and after a hearing the trial court denied the motion as to both Bekele individually and Rapid. Bekele applied for a certificate of immediate review of the denial of the motion as to him individually, and this court granted an

interlocutory appeal. Bekele enumerates as error the trial court's failure to grant summary judgment for Bekele individually "on all issues, and particularly," (1) and (2), denying summary judgment against Mrs. Ryals on the name-calling issue and also on the issue of refusing to authorize payment on a contract to which she was not a party; and, (3) and (4), in failing to grant summary judgment against Leon Ryals on name-calling and failing and refusing to pay benefits under the insurance contract to which he was a party. *Held*:

Appellant Bekele makes the following arguments in defense: that name-calling is not a tort recognized by Georgia law; that he (Bekele) has never seen or talked to Mrs. Ryals; that refusing to pay under a contract is not a tort and does not give rise to tort damages; that no contractual relationship exists between himself and Mrs. Ryals; and that it is the corporation, Rapid, and not he personally, who is the proper party defendant. Appellant concedes that vis-à-vis Rapid there remain factual issues to be tried.

Our scrutiny of the record indicates that it is unlikely that appellees would prevail at trial against Bekele under any theory on which they are proceeding. See OCGA § 9-11-56; see also *Lawrence v. Gardner*, 154 Ga. App. 722 (270 SE2d 9) (1980). Georgia law does not recognize "name-calling" as a tort, and the bulk of Georgia case law dealing with the use of insulting or abusive language does not recognize fact situations similar to that in the instant case as a basis for judgment on this theory. See, e.g., *Atkinson v. Bibb Mfg. Co.*, 50 Ga. App. 434 (178 SE 537) (1935).

Moreover, it appears highly unlikely that appellees could prevail against Bekele on a tort theory of mental distress caused by the alleged non-payment or untimely payment of medical bills claimed pursuant to a contract of insurance. Where the alleged tort consists only of breach of contract, damages are ordinarily not recoverable otherwise than as provided in the contract. OCGA § 13-6-10; see also OCGA § 33-34-6 (b). Exemplary or punitive damages and attorney fees would not ordinarily be within the contemplation of the parties to the contract, and, absent bad faith or stubborn litigiousness, appellees therefore would be unable to recover such damages on a contract theory. *Davis v. Aetna Cas. &c. Co.*, 169 Ga. App. 825 (314 SE2d 913) (1984). Since the record includes no copy of the insurance contract, we must presume that the instrument contains no clause providing for such damages. Furthermore, this court has expressly held that an insurer's failure to pay medical expenses does not, as a matter of law, rise to the level of outrageousness requisite to a cause of action for intentional infliction of emotional distress. *Davis v. Aetna Cas. &c. Co.*, supra.; *East River Savings Bank v. Steele*, 169 Ga. App. 9 (311 SE2d 189) (1983); *Kitchens v. Williams*, 52 Ga. App. 422 (183 SE 345) (1935); *Atkinson v. Bibb Mfg. Co.*, supra. See also *Cummings v.*

*Prudential Ins. Co.*, 542 FSupp. 838 (S.D. Ga. 1982).

As to Mrs. Ryals' claims specifically, as distinguished from those of her husband, the facts of the case *sub judice* do not lend themselves to the making out of a cause of action in tort. This would be true *a fortiori*, of course, with respect to the "name-calling" count, but it is also true with respect to the second count. Mrs. Ryals' damages, if any, would be simply too remote, especially under a tort theory, to warrant recovery.

Although appellee Leon Ryals may well have a cognizable claim against appellant, it would appear that such a claim must sound in contract rather than in tort. As the case is presently postured, however, we are persuaded that summary judgment for appellant Bekele was mandated as a matter of law, and that the trial court erred in denying his motion.

*Judgment reversed; case remanded for the entry of summary judgment for appellant Bekele individually. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986.

*Sidney L. Moore, Jr.*, for appellant.
*Walter L. Fortson*, for appellees.