73298. BUCHANAN v. CITY OF CLAYTON et al.
(350 SE2d 320)

DEEN, Presiding Judge.

Appellant was considering buying a piece of property located in downtown Clayton, Georgia, on which to erect a building to house his paint and decorating business. The projected size of the building was such as to necessitate the moving of an existing water line. The city (of which appellant's father was mayor at that time) agreed to move the line to accommodate the proposed structure. Appellant purchased the property and had begun excavation for the building's foundation, when a city councilman (not a party to this action) objected that the excavation would likely damage the existing line. Appellant thereafter decided to reduce the size of the new building to the extent that moving the line would be unnecessary. He apparently did not notify the city government of this change in his plans, and the city went ahead with moving the line. Appellant was billed for this work.

In the meantime, a new mayor (appellee Ramey) took office. When Buchanan applied for water and sewer connections for the business, Ramey, speaking in his official capacity as mayor, informed Buchanan that it was the city's policy not to furnish water or sewer service to anyone who owed the city a water or sewer bill. Appellant, alleging that the amount of the bill was disproportionate both to the work done and to the charges for similar work allegedly imposed on other citizens, declined to pay the outstanding bill and demanded that water and sewer service be provided. He then filed an action against the city and the new mayor in two counts: mandamus (against the city) and malfeasance, misfeasance, and non-feasance (against Ramey). No particulars as to the allegations against the mayor were furnished, and no evidence was adduced regarding how others' bills were calculated.

The city answered, counterclaiming for the amount allegedly owed by appellant, and moved for summary judgment. The city agreed to furnish water and sewer service to Buchanan's new building, provided the latter would post bond sufficient to cover any damages pending the outcome of the action. Bond was posted, and the city provided water and sewer service; Count I was thereby rendered moot and is not a part of the matter appealed here. Appellees were granted partial summary judgment, and the only issue remaining to

be resolved is the amount which appellant owes to the city; i.e., the counterclaim.

On appeal Buchanan enumerates as error the award of summary judgment and the court's considering depositions which were never formally filed with the Rabun County Superior Court. *Held*:

Upon receiving the record from the Superior Court, this court noted that it contained no depositions and thereupon requested the Clerk of the Rabun County Superior Court to forward same. That official promptly complied with the request and sent the deposition of Paul Buchanan, taken at the request of appellees' counsel. An accompanying letter stated that the Clerk's office had not received the deposition of Thomas Ramey, taken at the request of appellant's counsel. Upon further investigation, this court learned that neither deposition had actually been filed with the superior court during the proceedings below.

The trial court's order recites: "The evidence adduced by the parties . . . includes the deposition of Thomas H. Ramey, the deposition of the plaintiff Paul E. Buchanan, Jr., and an affidavit filed by Paul E. Buchanan, Jr." The documentation of the court's findings of fact indicates that all of the evidence came from the depositions, and from no other source. The trial court is authorized by law to take judicial notice only of certain narrowly prescribed categories of information, none of which includes deposition testimony. OCGA § 24-1-4. This court is authorized to review only matters actually a part of the record below. See, e.g., *Whatley's Interiors v. Anderson*, 176 Ga. App. 406 (336 SE2d 326) (1985); *Rich v. Ga. Farm &c. Ins. Co.*, 176 Ga. App. 663 (337 SE2d 370) (1985). Because the court below based its conclusions on evidence not properly before the court, we must reverse the judgment on the basis of insufficiency of the evidence, and remand this case for proceedings consistent with appropriate sections of the Civil Practice Act, OCGA Ch. 9-11.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED NOVEMBER 4, 1986.

*Thomas M. Strickland*, for appellant.
*John M. Brown*, for appellees.