## A89A1738. WELLS v. NEW YORK LIFE INSURANCE COMPANY et al.
### (392 SE2d 251)

COOPER, Judge.

Appellant purchased a house in 1962 and executed a deed to secure debt, which was assigned to New York Life Insurance Company ("New York Life"). The deed to secure debt required appellant to make monthly payments into an escrow account from which the annual ad valorem taxes would be paid. From 1962 to 1986, Southeastern Mortgage Corporation ("Southeastern") serviced the loan and paid the taxes from the escrow account. In February 1986, Banker's First Mortgage Service Company ("Banker's First") purchased Southeastern and began servicing the mortgage; in July 1986, appellant sold a farm to Martha Adkins but did not inform the tax commissioner's office; in November 1986, the tax commissioner's office mistakenly sent the wrong tax bill to Banker's First which resulted in Banker's First paying taxes in the amount of $962.62 on the farm which appellant sold to Mrs. Adkins; in December 1986, the tax commissioner refunded Mrs. Adkins' payment of the taxes on the farm because the taxes had already been paid by Banker's First; in 1987, appellant, after receiving notice that the taxes on his house had not been paid, paid the taxes in the amount of $410.15 and contacted Banker's First to find out why the taxes had not been paid. When the error was discovered and could not be resolved to his satisfaction, appellant, contending a right of set-off, withheld his final two mortgage payments. New York Life instituted foreclosure proceedings and after his house was advertised during foreclosure proceedings, appellant paid the balance due plus attorney fees. Appellant then sued New York Life and Banker's First for negligent conversion and wrongful notice of foreclosure, seeking actual and punitive damages in excess of two million dollars. The trial court, ruling that the actions were in contract and not tort, granted appellees' motion for summary judgment, and appellant appeals.

Appellant's sole enumeration of error is that the trial court erred in granting summary judgment to appellees. We agree with the trial court's conclusion that the only duties owed to appellant by appellees were those specified in the deed to secure debt. "It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contractual obligation it also violates a duty owed to plaintiff independent of contract to avoid harming him. [Cit.]" *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 365 (203 SE2d 587) (1973). However, "[if] there is no liability except that arising out of a breach of the express terms of the contract, the action must be in contract, and an action in tort cannot be maintained." *Commercial Bank &c.*

*Co. v. Buford*, 145 Ga. App. 213, 215 (243 SE2d 637) (1978). Inasmuch as appellant has not shown any duty owed to him by appellees other than the duty to pay the taxes on his house, which is a contractual duty, the trial court correctly held that appellant's tort action could not be maintained and punitive damages could not be recovered. OCGA § 13-6-10.

Appellant's action for wrongful notice of foreclosure was also properly dismissed by the trial court. At the time the foreclosure notice was published, appellant was two months in arrears on his payments. Although appellant believed he was entitled to a right of set-off, no such determination had been made by the court. A cause of action for wrongful notice of foreclosure does not arise where the foreclosure notice is truthful when published but a determination is made later that the debt was not owing. *Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 319 (320 SE2d 228) (1984).

Appellant's reliance on *Ford Motor Credit Co. v. Spicer*, 144 Ga. App. 383 (241 SE2d 273) (1977) is misplaced. In *Ford*, plaintiff had two accounts with Ford Motor Credit Company, and a mistake was made which credited one of his payments to the wrong account, causing plaintiff to be in default on the other account. Ford repossessed plaintiff's automobile without notice to him, and we found that the peremptory taking of the automobile without notice to plaintiff constituted a tort. In the case at bar, the mistake made by the tax commissioner and Banker's First did not result in appellant being in default on his mortgage. Rather, appellant is responsible for his default by electing to withhold his final two mortgage payments. We find that the trial court's grant of summary judgment to appellees was proper.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 15, 1990 —
REHEARING DENIED MARCH 26, 1990 —

*Hurt, Pfeifer & Hyman, James W. Hurt, James E. Butler, Jr.,* for appellant.

*Rainwater & Christy, David N. Rainwater, David A. Forehand, Jr.,* for appellees.

