## A90A1971. JUDGE v. WELLMAN.
(403 SE2d 76)

BEASLEY, Judge.

Plaintiff Connie Judge appeals the grant of summary judgment in favor of defendant Frances Wellman.

Wellman owned two contiguous tracts of land, one behind the other, which were located on a corner at 810 Clark Avenue and 204 Adkins Drive. There was no clear line of demarcation between the two properties, but 810 Clark contained a commercial building while 204 Adkins was vacant.

Wellman and Judge executed a written lease for a term of one year on August 1, 1988. Couched in residential form language it refers to an "apartment, duplex, house" located at "808 Clark Avenue" with no other description of location. Because Judge planned to use the building as a beauty parlor, she sought permission to use the unimproved land behind the building for parking space. Wellman told Judge she could use the land as far as the railroad track but Judge would have to clean it off. This area comprised a portion of 204 Adkins Drive. Judge also sought to have certain improvements made on the property but Wellman declined. Judge testified by deposition that she wanted a five-year lease and was told that would be accomplished later.

The form used was appropriate to a residential lease rather than for business use. It contained no provision about parking and provided that the premises were rented "as is." The lease also contained an entire agreement clause which stated: "This agreement and any attached addendums constitute the entire agreement between the parties and no oral statements shall be binding."

Three days after the lease was executed Wellman sold a portion of the 204 Adkins Drive property to the county under threat of condemnation. Judge learned of this sale two months later, after having substantially invested in improvements to the property. In January 1989 she moved from the premises because she lacked available parking for her customers.

Judge sued to recover losses resulting from breach of contract or fraud in the inducement to enter the contract and for unjust enrichment. After discovery, Wellman moved for summary judgment, which was granted.

The lease document is insufficiently clear as to what property actually was leased. It was a commercial building, not an "apartment, duplex, [or] house." There was no 808 Clark location but only 810 Clark. The form provided the premises would be used for residential purposes only and prohibited certain business activities, which obviously the parties did not intend. No precise determination of the extent of the leased premises is possible from an examination of the document.

The issue here does not involve construction of the contract, which ordinarily is a question for the court, but what the parties intended the contract to encompass as a matter of fact. See *Travelers Indem. Co. v. A. M. Pullen & Co.*, 161 Ga. App. 784, 789 (6) (289 SE2d 792) (1982); *Wahnschaff Corp. v. O. E. Clark &c. Co.*, 166 Ga. App. 242, 243 (1) (304 SE2d 91) (1983). Because the lease is incomplete and ambiguous, parol evidence is admissible to ascertain the intention of the parties and to explain exactly what its terms were. *Taylor Freezer Sales Co. v. Hydrick*, 138 Ga. App. 738 (227 SE2d 494) (1976). Accord *Gans v. Ga. Fed. Savings &c. Assn.*, 179 Ga. App. 660, 663 (2) (347 SE2d 615) (1986). The question whether the parties intended to include that part of 204 Adkins needed for parking within the framework of the lease is a factual matter which should not be resolved by the trial court as a matter of law.

An issue also remains regarding whether Judge was induced to contract by misrepresentation regarding availability for use of the land behind the building. Parol evidence is admissible to establish fraud in the inducement, even though there is an entirety or merger clause in the written contract, where the complaining party does not elect to stand on the contract but proceeds on fraud. *City Dodge v. Gardner*, 232 Ga. 766, 768 (208 SE2d 794) (1974); *Brown v. Techdata Corp.*, 238 Ga. 622 (234 SE2d 787) (1977); *Del Mazo v. Sanchez*, 186 Ga. App. 120, 124 (366 SE2d 333) (1988).

Another ground for reversal appears. Because there was no "808 Clark Avenue," the trial court in an otherwise commendable effort to ascertain the actual situation, considered evidence extrinsic to the record. This is not permitted. See OCGA § 9-11-56 (c); 29 AmJur2d 55, Evidence, § 15; 31 CJS 832, Evidence, § 11. "Because the court below based its conclusions on evidence not properly before the court," the judgment must be reversed. *Buchanan v. City of Clayton*, 180 Ga. App. 740, 741 (350 SE2d 320) (1986).

For the foregoing reasons, there was no absence of material fact so as to warrant the grant of summary judgment.

*Judgment reversed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 28, 1991.

*James N. Finkelstein,* for appellant.
*Hodges, Erwin & Hedrick, William H. Hedrick,* for appellee.