A91A1401. LINCOLN NATIONAL LIFE INSURANCE COMPANY v. DAVENPORT.
(410 SE2d 370)

McMURRAY, Presiding Judge.

Defendant the Lincoln National Life Insurance Company sold a disability insurance policy to plaintiff Davenport. The policy contained an exclusion of coverage where disability was caused by injury to the spine. Plaintiff was in an auto accident and an initial report indicated a spinal injury. Defendant withheld payment, on plaintiff's claim under the policy, contending that plaintiff's disability, if any, was caused by a spinal injury. Plaintiff filed this action seeking to recover disability benefits along with penalties and attorney fees pursuant to OCGA § 33-4-6. The complaint was amended to add a second count setting forth claims for conversion; intentional infliction of emotional distress; and, expenses of litigation pursuant to OCGA §

13-6-11.

Defendant moved to dismiss plaintiff's second count for failure to state a claim upon which relief can be granted. The superior court denied the motion to dismiss holding that plaintiff's claim for emotional distress is viable. We granted defendant's application for interlocutory review of the denial of its motion to dismiss. *Held*:

A motion to dismiss for failure to state a claim should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of the claim. *State of Ga. v. Shearson Lehman Bros.*, 188 Ga. App. 120, 121 (2) (372 SE2d 276). See also *Wehunt v. ITT Business Communications Corp.*, 183 Ga. App. 560, 561 (2) (359 SE2d 383).

Contrary to plaintiff's assertion, Count 2 of the complaint fails to state a claim for conversion. Plaintiff "is not seeking to recover some specific money, either in certain bills or coins to which she had title, but instead seeks to recover a certain amount of money generally. . . . Thus, this is not such a case for which a cause of action for conversion was intended. See *Cooke v. Bryant*, 103 Ga. 727 (30 SE 435) (1898)." *Hodgskin v. Markatron, Inc.*, 185 Ga. App. 750, 751 (1) (365 SE2d 494).

Nor may plaintiff recover for intentional infliction of emotional distress. Plaintiff alleges that the emotional distress was inflicted when defendant disregarded medical opinions which supported her claim and denied benefits under the policy. An insurer's failure to pay benefits under an insurance policy does not, as a matter of law, rise to the level of such outrageousness requisite to a cause of action for intentional infliction of emotional distress. *Bekele v. Ryals*, 177 Ga. App. 445, 446 (339 SE2d 655).

Plaintiff's claim in Count 1 for penalties and attorney fees under OCGA § 33-4-6 is her exclusive remedy for any failure of defendant to pay benefits within 60 days of plaintiff's demand. *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 871 (2), 872 (310 SE2d 513). Additional damages to compensate plaintiff for expenses of litigation are not recoverable pursuant to OCGA § 13-6-11 unless other elements of damages are recoverable. *Connell v. Houser*, 189 Ga. App. 158, 160 (5) (375 SE2d 136); *Basic Four Corp. v. Parker*, 158 Ga. App. 117, 120 (2), 121 (279 SE2d 241). Since plaintiff's only viable claim for damages is that stated in Count 1 and predicated on the defendant's failure to pay benefits under the policy within 60 days of demand, there is no claim for damages that will support an award under OCGA § 13-6-11.

Plaintiff would not be entitled to relief under any state of facts that could be proven in support of Count 2. Therefore, the superior court erred in denying defendant's motion to dismiss Count 2 of plaintiff's complaint.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

Decided September 10, 1991.

*Carter & Ansley, Ben Kingree III, Rebecca I. Jones*, for appellant.

*Donald B. Walker*, for appellee.