## A92A1062. GREEN v. STATE FARM INSURANCE COMPANIES.
### (426 SE2d 3)

COOPER, Judge.

Appellant, administratrix of the estate of a decedent who was hit by a truck while crossing a street on foot, appeals from the trial court's grant of summary judgment to appellee and the denial of her motion for partial summary judgment. There are no facts in dispute, and the pivotal legal issue is whether OCGA § 33-34-3 (a) (2),[1] which requires that no-fault benefits be provided to non-resident motorists involved in motor vehicle accidents in Georgia and insured by insurers doing business in Georgia, covers "motorists" who are on foot rather than in their cars at the time of the accident.

The decedent, a resident of Alabama, was insured by appellee. While driving along Peachtree Industrial Boulevard, the decedent stopped to make a phone call, and as she recrossed the street on foot after making her call she was hit by a truck and killed. Appellant sought statutory minimum no-fault benefits from appellee pursuant to OCGA § 33-34-1 et seq., the Georgia No-Fault Act. Appellee denied appellant's claim on the grounds that appellant's decedent was a pedestrian rather than a "motorist" at the moment she was struck. Appellant filed suit seeking no-fault personal injury protection (PIP) benefits as well as statutory penalties, attorney fees and punitive damages for appellee's bad faith refusal to pay. Appellee filed a motion for summary judgment and appellant filed a cross-motion for partial summary judgment on the coverage issue only. This appeal follows the grant of appellee's motion and the denial of appellant's motion.

1. OCGA § 33-34-3 (a) (2) mandates that insurers doing business in Georgia but issuing policies or contracts to insureds outside Georgia provide at least the statutory minimum no-fault PIP coverage established by § 33-34-4 *"with respect to motorists insured under the policies or contracts who are involved in motor vehicle accidents in this state* and, notwithstanding any provisions of the policies or con-

---

[1] The Georgia Legislature repealed OCGA § 33-34-3, effective October 1, 1991. Because decedent's policy was issued prior to October 1, 1991, we apply the repealed version of the statute. See Ga. L. 1991, p. 1608, § 3.1.

tracts to the contrary, all such policies or contracts of insurance shall be deemed to satisfy the minimum requirements of this chapter *if a motorist insured under the policies or contracts of insurance is involved in a motor vehicle accident in this state."* (Emphasis supplied.)

Appellant contends that "motorist" as used in OCGA § 33-34-3 (a) (2) does not mean only those individuals actually riding in motor vehicles at the time an accident involving a motor vehicle occurs. We agree. This court has often used the word "motorist" to describe individuals not at that moment in their vehicles. See, e.g., *Bosworth v. State*, 178 Ga. App. 86 (1) (342 SE2d 22) (1986) (we stated that victim was "hailed by what he thought to be a stranded motorist," referring to individual standing outside vehicle by side of road); *Mowell v. State*, 172 Ga. App. 641, 642 (324 SE2d 210) (1984) (we stated that defendant, a "motorist" involved in a dispute between "motorists" on side of road, "ultimately made an attempt to run over the other motorist [who had apparently remained outside his car when defendant returned to his] shortly after the incident"); see also *Wiard v. Phoenix Ins. Co.*, 166 Ga. App. 47 (303 SE2d 161), rev'd, 251 Ga. 698 (310 SE2d 221) (1983) (insurer's mailing to all insureds in state addressed each insured as "Dear Georgia Motorist"). "Motorist" is defined as "a person who travels by automobile." Webster's New Collegiate Dictionary, p. 745 (150th anniv. ed. 1981). Appellant's decedent was a motorist because she travelled by automobile, and it was as a motorist that she purchased insurance coverage from appellee and came to be in the location where she was struck and killed. The dictionary does not specify "at the moment of travelling" or "while travelling" in defining motorist, and we believe the addition of such a restriction, as appellee suggests, would be contrary to common usage and understanding of the word.

Nor can "motorist" be construed to include only those actually in their cars at the relevant time in light of the purpose of the No-Fault Act. The disputed language in OCGA § 33-34-3 (a) (2) must be viewed against the general framework of protection provided by the interplay of §§ 33-34-3; 33-34-4; and 33-34-7. OCGA § 33-34-4 establishes the statutory minimum amount of no-fault benefits that must be provided for a motor vehicle registered in Georgia. OCGA § 33-34-7 lists specified insured events, *including an insured being struck by a motor vehicle while a pedestrian,* whose occurrence triggers payment of no-fault benefits. OCGA § 33-34-3 (a) (1) mandates that all insurance policies issued in Georgia "be in accordance with the requirements of this chapter," and OCGA § 33-34-3 (a) (2) provides that even if policies are not issued in Georgia, insurers doing business in Georgia must provide at least the statutory minimum coverage established in § 33-34-4. One of the purposes of the No-Fault Act is to

ensure, to the extent possible, that all victims of automobile accidents in the state are provided with certain minimal insurance coverage. *Cannon v. Ga. Farm &c. Ins. Co.*, 240 Ga. 479 (3) (241 SE2d 238) (1978). The legislature accomplished this by requiring insurers issuing policies in Georgia to provide a minimum level of no-fault benefits, and then by requiring that policies issued outside the state by insurers authorized to do business in the state be deemed to provide that minimum level of no-fault benefits as well if an insured event occurred in Georgia. The insured events which would activate entitlement to no-fault benefits were set forth in § 33-34-7, and these included the striking of an insured, while a pedestrian, by a motor vehicle. We find no logical reason for distinguishing between pedestrian accident victims covered by policies issued in Georgia and those covered by policies issued out of state by insurers authorized to issue policies in Georgia when the legislature did not distinguish between the two groups of insureds with regard to any other insured event, and there is no indication that the legislature intended to do so.

Appellee's argument that our interpretation renders the legislature's use of "motorist" in the disputed clause synonymous with "insured" when the legislature could have simply used the word "insured" instead does not convince us otherwise. A look at the disputed language shows that "motorist" is twice used as a noun immediately followed by the descriptive clause "insured under the policies or contracts." Thus, if the legislature had used "insured" rather than "motorist" as its synonym, the resulting phrase would have been "an insured under the policies or contracts" — a phrase that is awkward at best. See *Doran v. Travelers Indem. Co.*, 254 Ga. 63, 67 (2) (326 SE2d 221) (1985). In *Doran*, in the course of concluding that another portion of the No-Fault Act requiring optional additional coverage did not apply to policies issued in other states, the Georgia Supreme Court treats the word "motorist" in § 33-34-3 (a) (2) as synonymous with "insured."

"The amendment [adding § 33-34-3 (a) (2)] was aimed at insurers authorized to transact or transacting insurance in Georgia. As to this category of insurers, it directed that they should include in policies issued in other states or Canadian provinces a provision 'which provides at least the minimum coverage required under Section 3 (b) of this Act (OCGA § 33-34-4 (a) (2)) . . .' *if the insured is involved in a motor vehicle accident in Georgia.* [Cit.] Section 3 (b) is the basic PIP of $5,000. . . . [O]ut-of-state policies *issued to insureds later involved in auto accidents in Georgia* by companies transacting or authorized to transact insurance here were affected. The requirement was that such policies provide minimum PIP coverage of $5,000. . . ." (Emphasis supplied and footnote omitted.) Id. at 68. Here, appellant's decedent was issued a policy in another state and

was then involved in a motor vehicle accident in Georgia. Thus, coverage should be provided.

For these reasons, we conclude that the trial court erred in granting appellee's motion for summary judgment on the issue of coverage and in denying appellant's motion for partial summary judgment on the same issue.

2. Appellant also sought statutory penalties, attorney fees and punitive damages based on appellee's bad faith. However, this court has recently held that, in the absence of a contractual term in the policy providing for bad faith damages, there can be no post-repeal recovery of penalties, attorney fees or punitive damages for an insurers' bad faith failure to pay under the repealed No-Fault Act. See *Terry v. State Farm &c. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992). Although the repeal is not retroactive with respect to coverage, it is retroactive with respect to available remedies. Id. We are therefore compelled to conclude that the portion of the summary judgment denying bad faith damages must be affirmed.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 19, 1992 —
RECONSIDERATION DENIED NOVEMBER 25, 1992.

*Christopher J. McFadden*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper*, for appellee.