A92A1292. KHOSRAVI v. AETNA CASUALTY & SURETY COMPANY.
(425 SE2d 905)

CARLEY, Presiding Judge.

Appellee-defendant is appellant-plaintiff's no-fault carrier. Alleging appellee's bad faith, appellant brought suit and sought to recover a penalty, punitive damages and attorney's fees pursuant to former OCGA § 33-34-6. Although an award was made in favor of appellant, she appeals from the judgment entered thereon.

Subsequent to the filing of appellant's instant appeal, former OCGA § 33-34-6 was repealed. "Accordingly, [appellant] was not, when the repealing act was passed, absolutely entitled to an enforcement of [her] judgment, and the case must be dealt with in this court as one which was pending when the repeal took place. This being so, the case in controlled, in principle, by the decision[s] in [*Terry v. State Farm Mut. Auto. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992) and *Green v. State Farm Ins. Cos.*, 206 Ga. App. 478 (426

SE2d 3) (1992)].” *The Western Union Telegraph Co. v. Smith*, 96 Ga. 569 (23 SE 899) (1895). In *Terry*, supra, we held that where, as here, there is no “contractual term in the policy providing for bad faith damages, there can be no post-repeal recovery of penalties, attorney['s] fees or punitive damages for an insurer['s] bad faith failure to pay under the repealed No-Fault Act. [Cit.] Although the repeal is not retroactive with respect to coverage, it is retroactive with respect to available remedies. [Cit.]” *Green v. State Farm Ins. Cos.*, supra at 481 (2). Since the repeal of former OCGA § 33-34-6 has vitiated appellant’s entitlement to *any* recovery thereunder, it follows that the judgment in the instant case must be affirmed. Appellant is “not entitled to recover at all, and therefore certainly [can] not justly complain of a verdict finding [appellee] liable for but a portion of the amount claimed. . . .” *Southern Home Bldg. &c. Assn. v. Butler*, 111 Ga. 826 (2) (35 SE 679) (1900).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED NOVEMBER 23, 1992.

*Johnson & Ward, John C. Dabney, Jr.*, for appellant.
*Arrington & Hollowell, W. Ray Persons, Victoria W. Wuesthoff, Nations, Yates & Freeman, Ronald J. Freeman*, for appellee.