A92A2163. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. YOUNG.
(427 SE2d 835)

BLACKBURN, Judge.

In 1988, State Farm Mutual Automobile Insurance Company issued two automobile insurance policies to Phillip Young, which pro-

vided no-fault coverage with limits of $25,000, and medical payment coverage of $10,000 in each policy. These types of coverage were mandated at that time by the 1974 Georgia Motor Vehicle Accident Reparations Act, which was repealed in its entirety on October 1, 1991.

On July 21, 1988, Young was injured in an automobile collision, and thereafter filed claims for no-fault benefits and medical payments under the policies. State Farm eventually paid a total of $22,349.86 on Young's claims, but because of the findings contained in an independent medical examination of Young, it denied any further claim for benefits. On October 18, 1990, Young filed suit against State Farm, seeking further benefits under the insurance policies, and statutory penalties, attorney fees and punitive damages under OCGA § 33-34-6 because of State Farm's bad faith denial of his claim.

Young's allegation that State Farm had acted in bad faith in denying further benefits was centered around State Farm's reliance upon the independent medical examination. Through discovery, Young sought to establish that the medical examination was not "independent," in that a financial arrangement existed between State Farm and the examining physician, resulting in that physician always making medical findings favorable to State Farm, and that State Farm had engaged in a pattern of similar bad faith transactions using other "independent" medical examiners. On August 28, 1991, the trial court granted Young's motion to compel this discovery request. Subsequently, State Farm filed a motion for reconsideration of that order, and alternative motions for dismissal or summary judgment, all of which were denied by the trial court. This interlocutory appeal followed.

On appeal, State Farm contends that the repeal of the Georgia Motor Vehicle Accident Reparations Act on October 1, 1991, extinguished Young's claim for statutory penalties, attorney fees, and punitive damages for bad faith under OCGA § 33-34-6, which in turn invalidated the only basis of his discovery request. State Farm further contends that these issues recently have been decided in its favor in *Terry v. State Farm Mut. Auto. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992). We agree.

In *Terry*, after noting that the legislature had not indicated whether it intended the repeal of the No-Fault Act to have retroactive application, this court emphasized that "[i]t is well-settled in this state that repeal of a law authorizing recovery of a penalty defeats the right to recover such a penalty unless the right has become vested. *Spengler v. Employers &c. Ins. Co.*, 131 Ga. App. 443, 448 (206 SE2d 693) (1974), and cases cited therein. The right to recover a penalty may become vested in either of two ways: (1) the right arises contractually, that is, it is the subject of bargained-for consideration; or (2) the party seeking to recover the penalty has secured a final nonap-

pealable judgment. Id." *Terry v. State Farm Mut. Auto. Ins. Co.,* supra at 225.

In the instant case, inasmuch as no final nonappealable judgment has been rendered, Young can pursue his claims under former OCGA § 33-34-6 only if he has a vested contractual right to such. However, in *Terry*, considering a policy identical to the one in this case, this court held that the privilege to seek penalties against insurers is not generally a bargained-for element of insurance contracts. No vested contractual right to pursue the statutory penalties and punitive damages existed because "the contract itself . . .[did]. . . not specifically mention the insured's ability to seek penalties and punitive damages against the insurer. . . . The mere mention of the act containing the statute authorizing penalties and punitive damages . . . does not change the nature of the privilege from extra-contractual to contractual in nature." Id. at 227. For the same reasons expounded in *Terry*, we find that the repeal of former OCGA § 33-34-6 has vitiated Young's claims for penalties, attorney fees, or punitive damages for bad faith. Accord *Khosravi v. Aetna Cas. &c. Co.*, 206 Ga. App. 481 (425 SE2d 905) (1992); *American Assn. of Cab Cos. v. Egeh*, 205 Ga. App. 228, 232 (9) (421 SE2d 741) (1992).

Young contends that *Terry* and its progeny should be overruled because they do not address the constitutionality of the repealing act being given retroactive application so as to divest a previously acquired right or to impair a contractual obligation. However, notwithstanding the absence of any contractual right to impair, this court did consider those concerns in *Terry* at 227, in noting that the Supreme Court has recognized that "construing a statute so as to relieve against penalties and forfeitures does not violate the constitutional rights of the complaining party because 'a person has no vested rights to a forfeiture or penalty.' [Cit.]"

In summary, the repeal of former OCGA § 33-34-6 extinguishes Young's claims for penalties, attorney fees, and punitive damages under that statute. Consequently, that repeal also vitiated the only basis for Young's discovery request seeking information that pertained to the issue of State Farm's bad faith denial of his claim. Accordingly, State Farm was entitled to summary judgment on Young's claims for penalties, attorney fees, and punitive damages under former OCGA § 33-34-6, and the trial court's order granting Young's motion to compel discovery must be reversed. Young's claims for no-fault benefits and medical payments possibly due under the policies issued by State Farm, of course, remain pending.

*Judgment affirmed in part, reversed in part. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1993.

*Downey, Cleveland, Parker, Williams & Davis, Y. Kevin Williams, Houston D. Smith III*, for appellant.
*Greene, Buckley, Jones & McQueen, Edward D. Buckley III, Rose E. Goff*, for appellee.