## A92A1711. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SILLS et al.
### (430 SE2d 32)

POPE, Chief Judge.

On September 9, 1990, plaintiff Barbara Sills' husband was struck and killed by a truck. On June 21, 1991, plaintiff filed suit against defendant State Farm Mutual Automobile Insurance Company seeking to recover, inter alia, attorney fees, punitive damages and a 25 percent penalty under former OCGA § 33-34-6. On February 4, 1992, State Farm filed a partial motion for summary judgment contending that the October 1, 1991 repeal of the Georgia Motor Vehicle Accident Reparations Act (No-Fault Act), of which OCGA § 33-34-6 was a part, precluded plaintiff's recovery of penalties, punitive damages and attorney fees under that section. The trial court denied State Farm's motion, but granted a certificate of immediate review. This appeal follows our grant of State Farm's application for interlocutory appeal.

"[T]his court has recently held that, in the absence of a contractual term in the policy providing for bad faith damages, there can be no post-repeal recovery of penalties, attorney fees, or punitive damages for an insurer's bad faith failure to pay under the repealed No-Fault Act. See *Terry v. State Farm &c. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992). Although the repeal is not retroactive with respect to coverage, it is retroactive with respect to available remedies. Id." *Green v. State Farm Ins. Cos.*, 206 Ga. App. 478, 481 (2) (426 SE2d 3) (1992). Consequently, the trial court's denial of State Farm's motion for partial summary judgment must be reversed. See also *Khosravi v. Aetna Cas. &c. Co.*, 206 Ga. App. 481 (425 SE2d 905) (1992).

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 24, 1993 —
RECONSIDERATION DENIED MARCH 25, 1993

*Young, Clyatt, Turner, Thagard & Hoffman, F. Thomas Young, Sherry S. Harrell*, for appellant.

*Berrien L. Sutton*, for appellees.