## A93A1132. WALKER v. WILLIS.
(435 SE2d 621)

BLACKBURN, Judge.

On March 21, 1989, the appellant, Charles Walker, collided with a vehicle driven by the appellee, Carolyn Willis, as Willis exited the driveway of a shopping center. Walker subsequently commenced this action against Willis, seeking to recover for personal injuries, medical expenses, and lost wages.

Prior to October 1, 1991, the date of the repeal of the Georgia Motor Vehicle Accident Reparations Act (No-Fault Act), Walker received a total of $5,000 for lost wages and medical benefits from his own no-fault carrier. The case proceeded to trial in October 1992, following which the jury returned a verdict in favor of Walker in the amount of $15,000. Thereafter, however, the trial court reduced the verdict by the amount of basic no-fault benefits received, and entered judgment for $10,000 plus costs. On appeal, Walker contends that the trial court erred in so reducing the jury's verdict.

Before the repeal of the No-Fault Act, OCGA § 33-34-9 (b) provided that a person who was eligible for economic loss benefits under OCGA § 33-34-4 was precluded from recovering damages in a tort action against a defendant to the extent such basic no-fault benefits were available. The repeal of OCGA § 33-34-9 (b) contained no legislative direction governing its application other than the effective date of October 1, 1991. The issue in this appeal thus is whether the repeal of the statutory provision precluding tort damages for the amount of basic no-fault benefits received should be retroactively applied.

Statutes generally are applied prospectively unless a clear contrary intention is indicated; however, if a statute governs only procedure, it is given retroactive application unless a contrary intention is expressed. *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988). "Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforce-

ment of rights, duties, and obligations." Id. at 55.

In *Terry v. State Farm Mut. Auto. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992), this court held that repeal of the No-Fault Act eliminated any claim for statutory penalties and punitive damages that arose prior to the repeal. However, that decision applied the rule that repeal of a law authorizing recovery of a penalty defeats the right to recover such, unless the right has become vested by contract or by a final nonappealable judgment. In *Green v. State Farm Ins. Cos.*, 206 Ga. App. 478, 481 (426 SE2d 3) (1992), we clarified that the repeal was retroactive with respect to available remedies, but not coverage.

In the instant case, Walker received a total of $5,000 in basic no-fault benefits before repeal of the No-Fault Act. Prior to the repeal of that Act, Willis was shielded from liability under OCGA § 33-34-9 (b) for Walker's economic loss to the extent of the $5,000 basic no-fault benefits Walker received. That limited immunity was a substantive right vested in Willis by operation of the statute, rather than merely a procedural matter that prescribed the method for enforcing a right or obligation. As such, the repeal of the No-Fault Act, effective October 1, 1991, did not affect Willis' right to have the verdict against her reduced by the amount of the basic no-fault benefits received by Walker.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 26, 1993.

*G. G. Kunes, Jr.*, for appellant.
*John T. Croley, Jr.*, for appellee.