A93A1205. STEPTOE et al. v. AUTO-OWNERS INSURANCE COMPANY.
(437 SE2d 626)

JOHNSON, Judge.

In 1990, Brian Derek Steptoe, a minor, was injured in an automobile accident while riding as a passenger in a car insured by Auto-Owners Insurance Company. Brian Steptoe and his mother, Jalayne Steptoe, eventually settled their claims arising out of the accident with Auto-Owners; however, the settlement excluded personal injury protection (PIP) coverage. Auto-Owners subsequently failed to make timely payment for two medical bills for Brian Steptoe. In September 1991, the Steptoes brought suit seeking to recover those expenses as well as penalties and punitive damages pursuant to former OCGA § 33-34-6 for the late payment of no-fault benefits. Jalayne Steptoe also sought to recover punitive damages under OCGA § 51-12-5.1 for mental stress she allegedly suffered due to Auto-Owners' bad faith failure to pay.

The trial court granted Auto-Owners' motion to dismiss, relying on this court's decision in *Terry v. State Farm Mut. Auto. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992), holding that in the absence

of a contractual term in the policy providing for bad faith damages, the October 1991 repeal of OCGA § 33-34-6 bars recovery of penalties and punitive damages for an insurer's bad faith failure to pay under the No-Fault Act. The trial court also found Jalayne Steptoe could not maintain an action in tort against Auto-Owners because its duty to make payments was owed to Brian Steptoe and was of a contractual nature. The Steptoes appeal.

1. The Steptoes attack the trial court's application of *Terry* to this case on a number of grounds, all of which we find to lack merit. They first contend this court's decision in *Terry* is inconsistent with the general rule that laws that exist at the time of the making of a contract form a part of the contract. This rule, however, simply stands for the proposition that the contract must be construed in light of the laws which exist at the time it is made. See *Dorsey v. Clements*, 202 Ga. 820, 825 (44 SE2d 783) (1947).

The Steptoes also contend the decision in *Terry*, which established that a contract must specifically include the right to collect statutory penalties before that right can be vested by the contract, is erroneous. As this court noted in *Terry*, supra at 227, the privilege to seek penalties against insurers is not generally a bargained-for element of insurance contracts. Here, as in *Terry*, the insurance policy simply mentioned the No-Fault Act; it did not mention the insured's ability to seek penalties and damages against the insurer. The court in *Terry* found that the "mere mention within a contract of an act which contains a statute authorizing penalties is not sufficient to secure the right to collect penalties by contract. . . . Any other interpretation of that language would be inconsistent with the aversion to forfeitures and penalties consistently recognized by the Georgia appellate courts." Id. at 226.

The Steptoes next contend the trial court's application of *Terry* to this case effectively impaired a contract in violation of the Georgia Constitution because their right to receive 25 percent of the medical bills owed and reasonable attorney fees under former OCGA § 33-34-6 became "vested" when Auto-Owners refused to pay within 30 days. However, this court addressed such constitutional concerns in *Terry* when it noted that the Supreme Court has recognized that "construing a statute so as to relieve against penalties and forfeitures does not violate the constitutional rights of the complaining party because a person has no vested rights to a forfeiture or penalty." (Citation and punctuation omitted.) *Terry*, supra at 227; see also *State Farm Mut. Auto. Ins. Co. v. Young*, 207 Ga. App. 355 (427 SE2d 835) (1993).

Finally, the Steptoes contend this court's decision in *Terry* to apply the repeal retroactively is erroneous because the legislature did not indicate that it intended for the repeal to so apply. This court addressed this argument on rehearing in *Terry* and found it to be

without merit. See *Terry*, supra at 225, n. 1; see also *State Farm Mut. Auto. Ins. Co. v. Sills*, 208 Ga. App. 184 (430 SE2d 32) (1993); *Khosravi v. Aetna Cas. &c. Co.*, 206 Ga. App. 481 (425 SE2d 905) (1992).

2. The Steptoes contend the trial court erred in refusing to consider the settlement release as evidence that their right to recover penalties was vested because that document was not included in the record before the court. The Steptoes argued to the trial court that *Terry* was distinguishable because their right to recover penalties and punitive damages was vested contractually by virtue of the release agreement they entered into with Auto-Owners which specifically excluded PIP coverage. We find the trial court correctly declined to consider the release because that document was not included in the record before it. See *Judge v. Wellman*, 198 Ga. App. 782, 783 (403 SE2d 76) (1991). We reject the Steptoes' contention on appeal that the release did not need to be made a part of the record because the parties agreed that PIP coverage was excluded and the only issue was the meaning of that exclusion and whether it included a right to recover penalties for the insurer's failure to pay. Aside from the fact that this argument was never addressed to the trial court, it is clear that a court cannot be asked to construe the meaning of terms in a contract without having the entire contract in the record before it.

3. The Steptoes allege the trial court erroneously dismissed Jalayne Steptoe's claim on the ground she could maintain no action in tort because she had failed to show Auto-Owners owed her any duty. We agree with the trial court that the only duty owed by Auto-Owners was to make payment to Brian Steptoe under the insurance policy in question. "If there is no liability except that arising out of a breach of the express terms of the contract, the action must be in contract, and an action in tort cannot be maintained." (Citation and punctuation omitted.) *Wells v. New York Life Ins. Co.*, 195 Ga. App. 79 (392 SE2d 251) (1990). The Steptoes' reliance on *Atlanta Cas. Co. v. Jones*, 247 Ga. 238 (275 SE2d 328) (1981), for the proposition that the duty to pay was owed to Jalayne Steptoe is misplaced. We also reject appellants' contention that the complaint stated a claim for intentional infliction of emotional distress. See *Bekele v. Ryals*, 177 Ga. App. 445 (339 SE2d 655) (1986).

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I reluctantly concur with the majority opinion's conclusion that this case is controlled by *Terry v. State Farm Mut. Auto. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992). Upon reflection on the effect of the repeal of the No-Fault Act on claims for statutory penalties, attorney fees, and punitive damages, I have reservations about the

correctness of this court's determinations in *Terry* and its progeny. See *American Assn. of Cab Cos. v. Egeh*, 205 Ga. App. 228 (9) (421 SE2d 741) (1992); *Green v. State Farm Ins. Cos.*, 206 Ga. App. 478 (2) (426 SE2d 3) (1992); *Khosravi v. Aetna Cas. &c. Co.*, 206 Ga. App. 481 (425 SE2d 905) (1992); and *State Farm Mut. Auto. Ins. Co. v. Young*, 207 Ga. App. 355 (427 SE2d 835) (1993). However, this court's holding in *Terry* having become so well-established, I am constrained to follow it notwithstanding my reservations.

DECIDED OCTOBER 21, 1993 —
RECONSIDERATION DENIED NOVEMBER 3, 1993 

*Dodd & Kinsey, Jack E. Dodd, James B. Kinsey*, for appellants.
*Bonnie C. Oliver*, for appellee.