## A94A0879. FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT v. GOVERNMENT EMPLOYEES INSURANCE COMPANY.
(445 SE2d 338)

BEASLEY, Presiding Judge.

In April 1991, an automobile collision injured three persons insured by Government Employees Insurance Company ("GEICO"), which paid personal injury protection ("PIP") benefits. In April 1993, GEICO sued Fire & Casualty Insurance Company of Connecticut ("FCICC"), insurer of the other involved vehicle, to recover the benefits paid. GEICO relied on former OCGA § 33-34-3 (d) (1) (A), which allowed subrogation in instances when one vehicle involved weighed more than 6,500 pounds unloaded. The weight threshold is not contested.

FCICC moved for summary judgment, arguing that the statute had been repealed effective October 1, 1991, before institution of the suit, and could not serve as a basis for a subrogation claim. Summary judgment was denied, a certificate of immediate review was given, and FCICC's application for an interlocutory appeal was granted.

The sole question is whether the repeal of the statute providing a

right of subrogation to recover no-fault benefits paid in certain circumstances extinguishes those subrogation rights when the collision occurred before the repeal but the subrogation suit was brought after the repeal. We conclude that it does not.

We have previously addressed the effect of the 1991 repeal and replacement of the Motor Vehicle Accident Reparations Act on remedies available in suits instituted after October 1, 1991, involving collisions that occurred before the repeal, but we have not addressed the issue of the repeal's effect on subrogation rights. We have determined that the defendant's right to deduct the amount of PIP benefits previously paid to a plaintiff from a court judgment pursuant to former OCGA § 33-34-9 (b) is a substantive statutory right that became fixed at the time of collision and was unaffected by the repeal. *Glover v. Colbert*, 210 Ga. App. 666 (437 SE2d 363) (1993); *Walker v. Willis*, 210 Ga. App. 139 (435 SE2d 621) (1993). On the other hand, we have held that the repeal prevents recovery of attorney fees and punitive damages for bad faith failure to pay no-fault benefits as provided in former OCGA § 33-34-6, absent an independent contractual provision so specifying. *Terry v. State Farm Mut. Auto. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992); *Steptoe v. Auto-Owners Ins. Co.*, 210 Ga. App. 756, 757 (1) (437 SE2d 626) (1993).

FCICC urges us to follow the rule of statutory construction set forth in *Gold v. Pioneer Fund*, 107 Ga. App. 855, 860 (132 SE2d 144) (1963), that "the repeal of a statute without reservation takes away all remedies given by it and even defeats all actions and proceedings pending under it at the time of its repeal, and this is especially so where the statute repealed is one creating a cause of action. [Cits.]" FCICC argues that subrogation was a right of recovery only by operation of former OCGA § 33-34-3 (d), so that its repeal defeats any action for recovery under it.

This reasoning has not been followed in resolving cases concerning the 1991 repeal of the Motor Vehicle Accident Reparations Act and is not considered controlling. The 1991 repeal was not "without reservation"; to the contrary, the Act specifically stated that it was prospective as to policies and did not affect coverages in effect on October 1, 1991. Ga. L. 1991, p. 1628, § 3.1. Further, it is well established that the primary canon of statutory interpretation is to look for the intent of the legislature. OCGA § 1-3-1 (a); *Republic Claims Svc. Co. v. Hoyal*, 210 Ga. App. 88, 90 (1) (435 SE2d 612) (1993). The legislature's specific exclusion of existing coverages shows it intended that relations between the insured and insurer not be affected by the Act without further action by the parties. Subrogation is an important economic facet of that relationship and is linked to the defendant's right to deduct PIP benefits received from any judgment, a right which survived the repeal. *Glover* and *Walker*, supra. Additionally,

the matter at issue in *Gold* concerned the statutory designation of an agent for service; its reasoning can be confined to procedure.

All these factors suggest that the rule pronounced in *Gold* is inappropriate here. *Terry* and its progeny, in fact, rest upon the principle that repeal of a law authorizing a *penalty* defeats the right to recover the penalty. *Terry*, supra at 225; *State Farm Mut. Auto. Ins. Co. v. Young*, 207 Ga. App. 355, 356-357 (427 SE2d 835) (1993); *Steptoe*, supra. *Terry* and its reasoning applies to cases concerning "bad faith" penalties found in former OCGA § 33-34-6.

In those cases in which we have addressed the effect of the repeal on the defendant's right to deduct PIP payments from a judgment, we have not followed the *Gold* rule and have determined that legislative intent is best served by the right surviving the repeal. See *Glover* and *Walker*, supra. Defendant's right to deduct PIP payments and subrogation together ensure that the appropriate party pays for the damage but that no party receives a windfall. The defendant tortfeasor's statutory right to the defense provided under former OCGA § 33-34-9 (b) for reduction of award to reflect no-fault PIP benefit payments "became fixed at the time of the collision." *Glover*, supra at 669. Likewise, the insurer's right to subrogation for PIP benefits paid becomes fixed at the time of collision.

FCICC argues that the right to subrogation conferred by the former statute did not vest until FCICC received notice of GEICO's assertion of the right, which was after the repeal. However, there is no basis in former OCGA § 33-34-3 for such a trigger.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED JUNE 10, 1994.

*Webb, Carlock, Copeland, Semler & Stair, Fred M. Valz III, Christopher G. Moorman, Scott D. Huray*, for appellant.
*Edward M. Harris & Associates, Edward M. Harris, Jr., Vicki M. Knott*, for appellee.

